BENJAMIN HOWE, JR., AND HORACE HOWE v. JOHN BLANDEN, JR.,
AND BENJAMIN JOSELYN.

The proceeding to compel partition of real estate between tenants in common,
under the statute of this state, is an adversary proceeding, and can only be sus-
tained between those, who could be suitors, in respect to each other, in the
common law courts. A husband and wife, who are tenants in common of real
estate, cannot constitute adverse parties in such a proceeding; and if the county
court sustain a petition, where the only parties are husband and wife, and the
object is to procure a division of land held by them in common, the judgment,
ordering the partition, will be treated as a nullity and the whole proceedings
held *coram non judice.*

A creditor, who levies his execution upon land, must levy upon the whole estate,
which the debtor has in the premises. If he carve out a less estate, leaving a
reversion in the debtor, the levy will be void, as against the debtor, and no title
will pass under it.

Where a debtor had an estate in fee simple in an undivided half of certain prem-
ises, and an estate as tenant by the curtesy in the remainder, and the creditor
levied upon a portion of the premises by metes and bounds, treating it as an
estate by the curtesy, it was held, that the levy was void and passed no title,
as against a creditor of the same debtor, who acquired title to the land by a
subsequent valid levy.

A levy upon an undivided half of a portion of land held by the debtor in common
with another person, describing it by metes and bounds, is not void, but only
voidable, at the election of the other tenant. It is valid to pass the title, as
against the debtor and those claiming under him, whether he had notice in fact,
when the levy was made, or not.

But when a levy is *void*, neither the debtor, nor those claiming under him, are
estopped from contesting its validity.

EJECTMENT for land in Putney. The plaintiff described in his
declaration three several parcels of land, of which he demanded the
seisin and peaceable possession. The parties submitted to the court
a plan of the premises referred to on the trial, upon which the first
parcel described in the declaration was marked C 1, the second par-
cel was marked C 2, and the third parcel was marked C. The
parties agreed upon a statement of facts substantially as follows.

The premises described in the declaration were part of a farm, of
which, previous to May, 1843, Daniel Packer owned and possessed

an undivided half in fee, and possessed the residue in right of his wife, Jemima Packer, to whom it had been devised in fee. In July, 1842, the plaintiffs sued out a writ of attachment in their favor against Daniel Packer, and, July 7, 1842, caused the said farm to be attached thereon; and, on the third of April, 1844, they caused the execution, obtained by them in that suit, to be levied upon an undivided half of the first and second parcels of land described in the declaration, and upon one undivided eleventh of the third parcel described in the declaration, as the proper estate of the said Daniel Packer in fee, describing them by metes and bounds. It appeared from the return of the officer who made the levy, that Packer resided out of the county, at the time the levy was made, and that, the attorney of Packer having neglected to choose appraisers, they were appointed by a justice of the peace. On the third day of May, 1842, the defendant Blanden sued out a writ of attachment in his favor against Packer and attached the farm in question thereon; and on the eighth day of November, 1843, he levied the execution, obtained by him in that suit, upon the three parcels of land demanded in the declaration, describing the first and second parcels, by metes and bounds, as the estate of Packer as tenant by the curtesy, and describing the third parcel as the estate of Packer in fee. It appeared from the return, that Packer was present, when this levy was made, and assisted in choosing appraisers. At the May Term, 1843, of Windham county court, Daniel Packer and Jemima Packer, his wife, preferred their joint petition to the court, representing that they were owners of the farm in question as tenants in common, and praying the court to cause partition thereof to be made. The court thereupon appointed commissioners, who made their report at the same term, making such a partition of the farm, as assigned to Jemima Packer the part of the farm which included the first and second parcels demanded in the declaration, and to Daniel Packer that part which included the third parcel described in the declaration; and this report was, at the same term, accepted by the county court, and partition ordered accordingly. The plaintiffs, previous to the levy caused by them, were fully apprised of the proceedings above set forth upon the petition for partition. On the 26th of September, 1843, Jemima Packer died, leaving issue by the said Daniel Packer, capable of inheriting. The defendants held the posses-

sion of the demanded premises, adversely to the plaintiffs, from April 5, 1844, to the time of trial, the defendant Joselyn being tenant to the defendant Blanden.

Upon these facts the county court, September Term, 1846,— Ormsbee, Assistant Judge, presiding, rendered judgment in favor of the defendants. Exceptions by plaintiffs.

*Shafter, Bradley* and *Butler* for plaintiffs.

It is apparent, that Blanden, in levying his execution, assumed the validity of the partition between Packer and wife, and that the plaintiffs, in levying their execution, treated the partition as a nullity,—or, at least, as inoperative as to them. The first question made is upon the validity of that partition.

I. The court had no jurisdiction of the subject matter, or parties.

1. All the tenants joined in the partition. Litt. sec. 243–5, 247. 1 Bac. Ab. 695, 696, 699. These authorities show, that at common law the writ of partition was an adversary proceeding; and that the statute contemplates an adversary proceeding only appears by Rev. St. 231, §§ 2, 3, 5–7. *Brownell* v. *Bradley et al.*, 16 Vt. 107. 1 Hil. Ab. 456, sec. 3. *Cook* v. *Allen*, 2 Mass. 474. *Sweet et al.* v. *Bussey et al.*, 7 Mass. 503. 12 Pick. 374.

2. The petitioners were husband and wife. Under the common law, husband and wife cannot make partition by deed; and the statute contains no provision removing the disability; and it follows, if courts can compel a partition between them by judgment, that they can be compelled to do by judgment what they cannot do by contract; and therein the statute would depart widely from the analogy of the common law. Litt. sec. 25–28. It is insisted, that the phrase, " *any person,*"—Rev. St. 231, § 1,—does not extend to those who cannot contract or sustain suits, as between themselves, by the common law. Many of the provisions of the statute cannot be enforced, as between husband and wife. Rev. St. 232, §§ 14–17. And no such partition can be made between them, as the statute contemplates. Preamble to St. of 1797; Slade's St. 172. Rev. St. 232, §§ 10, 11. *Pierce* v. *Oliver et al.*, 13 Mass. 24. Where a petition is compulsory, there is an implied warranty of title. But as between husband and wife no such implication can be made; and, if made, the warranty could not be enforced·

3. Cognizance was taken of the petition, although no process had issued; and judgment was rendered against an express prohibition of the statute. Rev. St. 232, § 11. 2 Aik. 249.

On these grounds it is insisted, that the partition was a nullity; and it should have been so treated by the court below, as the grounds of objection were apparent. *Walbridge v. Hall,* 3 Vt. 119. *Allen v. Huntington et al.,* 2 Aik. 250. *Kellogg ex parte,* 6 Vt. 510. *Rider v. Alexander,* 1 D. Ch. 267. *Beech v. Abbott,* 6 Vt. 592. *McNiel v. Blight et al.,* 4 Mass. 303. *Borden v. Borden,* 5 Mass. 77.

II. If valid, as between the parties, still the partition is inoperative as to the plaintiffs. Their attachment is older than the partition, and their levy was made in the life of the lien, and their title relates back to the date of their attachment. *Jackson v. Brown,* 3 Johns. 459. *Waters v. Copeland,* 7 Johns. Ch. R. 140. *Colton et al. v. Smith et al.,* 11 Pick. 311. *McMeachan v. Griffin,* 9 Pick. 537. Rev. St. 232, §§ 15, 16.

III. The objection, that the plaintiffs levied upon the undivided half of Packer in a part, only, of the common lands, can be taken by the co-tenants of Packer alone, and their assigns; the levy is good, as against him, on the ground of estoppel. *Varnum v. Abbott et al.,* 12 Mass. 474. *Smith v. Benson,* 9 Vt. 142.

Blanden extended his execution upon a supposed life estate of Packer in all that part of the premises demanded, set to the wife, (being the first and second parcels described in the declaration;) but he takes nothing, by this, in the undivided half belonging to Packer in fee; for it is contrary to the statute, in levying an execution, to carve a life estate out of an inheritance;—and that half is appropriated, in terms, by the plaintiffs' levy.

*Keyes* and *Roberts* for defendants.

1. As to the partition between Packer and wife. Packer and wife were not seized each *per tout;* but Packer held by *purchase* and his wife by *devise.* The object of the statute is to provide a mode of partition, where the parties cannot divide among themselves. In this case the parties were *baron and feme,* and could not divide. But *baron and feme* can agree before a court of record, as by prosecuting and defending suits, &c.; and their separate interests are recognized at law. In the present case the court sustained

the petition, appointed a committee, and accepted their report. It is a judgment of a court of competent jurisdiction; and, being a proceeding *in rem*, it must be presumed, that the court, in ratifying the division, acted upon a state of facts which authorized their proceedings; *Glazier* v. *Ruffin*, Ham. 255; and no judgment of a court of competent jurisdiction can be impeached collaterally.

2. The plaintiff's levy is void. All the land levied upon is contained in *one farm—one piece of land*. The plaintiff should have levied on an *undivided part* of the *whole tenancy* in common, for the reasons given in *Galusha* v. *Sinclair*, 3 Vt. 394; *Smith* v. *Benson*, 9 Vt. 138; *Swift* v. *Deane*, 11 Vt. 323; *Blossom* v. *Brightman*, 21 Pick. 283.

3. It is intimated in *Smith* v. *Benson*, that the levy might operate as an estoppel to the defendant in execution, and those claiming under him, in a case of a levy upon lands in common by metes and bounds. If the defendant were present at the levy, and took part in choosing appraisers, no doubt the levy upon a tenancy in common by metes and bounds would so operate. *Varnum* v. *Abbott et al.*, 12 Mass. 476. *Gregory* v. *Tozier*, 11 Shep. 308. *Brown* v. *Bailey*, 1 Met. 254. *Smith* v. *Benson*, 9 Vt. 138. But where the levy is made without the consent or privity of the debtor, there can be no estoppel. *Major* v. *Deer*, 4 J. J. Marsh. 585. It appears from the plaintiffs' levy, that Packer was not notified thereof, and had no opportunity to choose appraisers, and was not present;—therefore that levy does not estop him, or those who claim under him. It appears from Blanden's levy, that Packer was notified, was present, and chose an appraiser;—therefore Packer and all persons claiming under him afterwards are estopped from disputing Blanden's levy, although made on a tenacy in common by metes and bounds. And the plaintiffs, claiming under Packer, are thus estopped.

The opinion of the court was delivered by

BENNETT, J. This is an action of ejectment to recover certain lands, described in the plaintiffs' declaration, situate in Putney. The plaintiffs and the defendant Blanden set up conflicting titles to the premises, as derived from one Daniel Packer, under the levy of certain executions against him. It is agreed, that Packer owned and possessed an undivided half of certain premises, in fee, situate

in Putney, in his own right; and the other half he held in the right of his wife, to whom they had been devised in fee. On the third day of May, 1842, Blanden, on a writ against Packer, attached all the lands he owned in Putney; and, having obtained judgment, he levied his execution on the three parcels of land described in the declaration, being a part of the land, which Packer and his wife owned in common; but in his levy Blanden treated the two first parcels described in the declaration as belonging to Packer's wife in severalty, and set off Packer's life estate, as tenant by curtesy.

In July, 1842, the plaintiffs attached the whole town of Putney, as the property of Packer; and they, having also obtained judgment against him, on the fifth day of April, 1844, levied their execution on an undivided half of the piece of land on the west side of the road, and designated on the plan, which is a part of the case, as C 1, as belonging to Packer in fee, and also upon an undivided half of the piece designated on the plan as C 2, as belonging to Packer in fee. Both of these pieces are included within Blanden's levy. The case shows, that, prior to either of these levies, there had been an attempt to make a partition between Packer and his wife; and it is claimed, that the whole of the pieces designated as C 1 and C 2, being the two first parcels demanded, had been set to the wife in severalty. If the *partition* is operative, it may follow, that Blanden's title to this portion of the premises is paramount to the title of the plaintiffs.

The facts in regard to the partition seem to be, that, at the May Term of the county court, 1843, Packer and his wife addressed to the court their joint petition, representing that they held certain lands in common, and praying the court to appoint a committee to make *partition* between them. A committee was thereupon appointed by the county court; they made partition, and returned their report, and it was accepted by the court and ordered to be recorded, at the same term, at which the petition was preferred.

We think this pretended partition must be inoperative. The husband and wife could not, by any agreement between themselves, make a valid partition. The coverture disables them to contract together; and they cannot constitute *adverse parties* to a proceeding at law. The proceeding to compel partition, under our statute, is an *adversary* proceeding, and has always been regarded as such.

Parties are as necessary to an *adversary* proceeding, as a court and the subject matter of the proceeding. The first section of the statute relating to the partition of real estate enacts, " that *any person*," having or holding real estate in common, &c., may have partition in the manner thereafter provided. The subsequent provisions provide for an adversary proceeding, in which the rights of the parties may be litigated ; and the parties are concluded by the partition.

We think a *feme covert* cannot, under this statute, compel a partition against her husband, nor the husband against his wife. The expression " *any person*," in the statute, should be restrained to such a person, as could be a suitor in the common law courts. It would seem rather incongruous, to enforce a partition, so long as the husband is entitled to hold the wife's part as tenant by the curtesy. If a partition can be enforced between Packer and his wife, it appears to me, that a resort should be had to chancery,—where the wife may institute proceedings against the husband, by means of a next friend, whenever her separate interest requires it. We think the county court had no power to order partition on this petition of Packer and wife, and that the whole matter was *non corum judice.* They could not confer the power upon the court by preferring the petition by mutual consent. If they could not make partition between themselves by consent, they could not well confer power on others to make it for them.

If, then, the partition is void, the inquiry arises, what effect must that have ? Though Blanden's attachment and levy are first in point of time, yet his levy upon that portion of the premises now in dispute was upon the whole land, as an estate by the curtesy held by Packer, when in fact Packer had an estate in fee simple in an undivided half, and an estate by the curtesy in the remainder. The creditor must levy upon the whole estate, which the debtor has in the premises. He cannot carve out a less estate, leaving a reversion in the debtor. This would be altogether irregular. If such a levy be made, it is void, at least as against the debtor, and no title passes under it. It is said in argument, that Packer should be estopped from setting up any objection to the levy ; and that the estoppel also binds the plaintiffs, who claim under him. But if the levy is *void*, and passed no estate as against Packer, we do not see,

that either he, or those claiming under him, can be estopped from denying its validity.

The defendants farther claim, that the plaintiffs' levy is bad, and conferred upon them no title; and that consequently judgment should be for the defendants, although Blanden has failed to establish his title.

The objection to the plaintiffs' levy is, that they levied upon an undivided moiety of a given portion of the lands held in common by Packer and his wife, and not upon such an undivided portion of the whole, as would have been sufficient, to satisfy their execution. We think, that such a levy as this can never be allowed to prejudice the rights of the other tenant; and if it does, she must have the right to deny its validity, if she choose. She has the right to have her moiety set out from the whole lands held in common with her husband. As against Packer the levy is well enough, and he cannot object to it. The levy is not absolutely *void*, but only voidable, at the election of the other tenant; and if such tenant should have her moiety severed and set out, by a legal proceeding, so as not to include any part of the lands levied upon, it might well be questioned, whether even she, after that, could be allowed to object to the levy. If it be not competent for Packer to object to the validity of the levy, most clearly those who claim under him cannot.

It is immaterial, on this point, whether Packer was present at the time the levy was made, or not; or whether he had notice, in point of fact, when the levy was to be made, or not. It be none the less binding upon him. But the levy shows, that, Packer being out of the county, his attorney of record was called upon to appoint appraisers, and declined to do so.

As the plaintiffs have, on trial, waived any right to recover any part of the other piece described in their declaration, nothing need be said as to the title to that parcel.

The result is, the judgment of the county court is reversed, and judgment rendered for the plaintiffs to recover the undivided moieties of the parcels marked on the plan C 1 and C 2, being the two parcels of land first described in their declaration, and damages and costs.