## APPLEGATE ET AL. *v.* EDWARDS ET AL.

PARTITION.—*Equalizing Shares by Payments of Money.*—*Judgment.*—In a proceeding for the partition of lands, if the commissioners find that a just and equitable partition in value cannot be made without injury, the parties may agree that the commissioners may equalize the partition by requiring those that receive more than their just and equitable share to pay to such as receive less certain sums of money; and if the commissioners agree upon the sums to be thus paid, and the parties then consent to the partition thus made, and all agree that the court may render judgment for the sums named by the commissioners against the parties required to pay the same, in favor of the parties who are to receive the same, judgments so rendered will not be void, and such judgments will be a lien on the lands of the judgment defendants.

JUDGMENT.—*Lien of.*—*Period of Lien.*—The lien of judgments upon real estate is regulated by statute, and the general rule is, that the lien continues for ten years from the rendition of the judgment, and no longer; but there are four exceptions, the statute excluding from the computation of time, 1. The time during which the party is restrained by an appeal from proceeding. 2. The time during which the plaintiff is restrained by an injunction. 3. The time the plaintiff may be prevented from proceeding by the death of the defendant. 4. The time the plaintiff may be prevented from enforcing the judgment by an agreement of the parties entered of record.

SAME.—*Purchaser of Real Estate from Judgment Defendant.*—A purchaser of real estate from a judgment defendant, after the expiration of ten years from the rendition of the judgment, takes the land discharged from the lien of the judgment, unless the lien is preserved by some of the exceptions contained in the statute.

SAME.—*Lien where Judgment is, by Agreement, not Collectible for a Certain Time.*—Where a judgment is rendered in pursuance of a written agreement of the parties, entered of record, that the judgment shall be rendered collectible and payable nine years from its date, the ten years during which such judgment will remain a lien on the real estate of the defendant will not commence to run until the expiration of the nine years.

SAME.—*Purchaser of Real Estate from Judgment Defendant Bound by Terms of Judgment.*—A purchaser of real estate from such a judgment defendant is chargeable with notice of the existence of the judgment and its terms, and is bound to know that the lien of such judgment will not be discharged until after the expiration of ten years from the time when the plaintiff could have proceeded to collect the judgment.

PRACTICE.—*Dissolving Restraining Order.*—Dissolving a restraining order, where the cause was left to be tried upon its merits, was held not error.

## From the Hamilton Circuit Court.

*D. Moss, F. M. Trissal, W. O'Brien,* and *R. Graham,* for appellants.

*J. Stafford, J. S. Losey, T. J. Kane,* and *A. F. Shirts,* for appellees.

BUSKIRK, J.—This was a proceeding to perpetually enjoin the appellees from selling certain real estate in Hamilton county, Indiana, on an execution issued on an alleged void judgment.

The material averments of the complaint were these: That the plaintiff Isaiah Applegate is the owner of twenty-two acres off of the west side of the south-west quarter of the south-west quarter of section twenty-six (26), in township eighteen (18), range four (4), in Hamilton county, Indiana; that the plaintiff Elizabeth Hartman is the owner of the remainder of said tract; that the said Elizabeth Hartman inherited her interest in said lands from her father, Ebenezer Applegate, now deceased; that said Isaiah Applegate purchased his said interest in such lands from one Martha Eller, who inherited the same from the said decedent; that the said Ebenezer Applegate purchased said lands on the 26th day of December, 1867, of one John F. Conner, who on said day conveyed the same by a general warranty deed; that the said Ebenezer Applegate purchased and paid for such lands in good faith, without any notice whatever of the existence of certain alleged liens on the same; that the said John F. Conner acquired title to said lands by inheritance from one William Conner, deceased; that the said William Conner, deceased, died seized of several tracts of land, and left surviving him several children; that in a certain proceeding for partition, pending in the Hamilton Circuit Court, at the August term, 1856, there was an interlocutory judgment of partition among the heirs of the said William Conner, deceased, of the lands of which he died seized; that three commissioners were appointed to make such partition, who assigned and set apart such lands in unequal portions to such heirs, and accompanied their report with the following recommendation:

"And we do further find and show to the court now here, that said lands could not be equally divided amongst the said heirs, in value, without injury to all, and have proposed that the following sums of money be paid by each of said heirs, as follows, to wit: That said William H. Conner pay to said George F. Conner four hundred dollars, four years from this date, with interest thereon, and that he pay to the heirs of Lavina Conner, Oliver, Herbert, and Elizabeth, six hundred dollars, nine years after date, with three per cent. interest thereon; that the said John F. Conner pay to said heirs six hundred dollars, nine years from this date, with three per cent. interest thereon; and that the said Alexander H. Conner pay to the said heirs three hundred dollars, nine years from date, with three per cent. interest, and that he pay to Ellen Conner four hundred dollars, nine years after date, with three per cent. interest."

It is further alleged, that there was filed in said court, with the said report, the following agreement, which was signed by all the heirs of the said William Conner:

"STATE OF INDIANA, HAMILTON COUNTY.

"*Richard J. Conner et al.* v. *Elisha H. Conner et al.*

"We, the undersigned, agree to the partition made by the commissioners in this case, and ask the court to confirm the same, and the payments in the said report required."

The court rendered upon said report and agreement the following judgment:

"And the court having seen and inspected said report, and being fully advised herein, do order, adjudge, and decree, that said report be received and approved; and it is now ordered and decreed by the court, that each of said parties named in the foregoing report of partition do have and hold the same tracts of land designated as set off and assigned to them in severalty, to them and their heirs forever, according to the conditions and stipulations contained in the foregoing report and agreement of parties, herein above copied. It is further ordered and adjudged by the court, that said William H. Conner pay to the said George F. Conner, four

years from this date, the sum of four hundred dollars, with lawful interest. It is further ordered and adjudged by the court, that said William H. Conner pay to said Oliver Conner, Herbert Conner, and Elizabeth Conner, heirs of Lavina Conner, deceased, the sum of six hundred dollars, nine years after date, with three per cent. interest thereon from date.

" It is further ordered and adjudged by the court, that said John F. Conner pay to said Oliver Conner, Herbert Conner, and Elizabeth Conner, heirs of Lavina Conner, deceased, the sum of six hundred dollars, nine years after date, with three per cent. interest thereon from date." Then follow other and similar orders, but they have no reference to the appellants.

It is further averred in the complaint, that the said judgment was, on the 5th day of December, 1872, revived in favor of the said Oliver and Herbert Conner, and Elizabeth Boxley (formerly Conner), and against the said John F. Conner, and that judgment was then rendered for the sum of one thousand and twenty-seven dollars, the principal and interest upon the former judgment, and the further sum of eleven hundred and fifty-two dollars, the cost of reviving said judgment.

It is further alleged in said complaint, that the clerk of said court issued on the judgment last aforesaid an execution which had come to the hands of the sheriff of said county, who, by virtue thereof, had levied the same upon the above described lands, and had advertised the same for sale, and would sell the same to satisfy said judgment, unless restrained by the court.

It was further alleged in said complaint, that at the time when the said John F. Conner sold and conveyed the lands in dispute to Ebenezer Applegate, he was the owner of other tracts of land in said county, which are described, and that he was at such time solvent and able to pay all of his debts.

The prayer of the complaint was for a temporary injunction, and, upon a final hearing, a perpetual injunction, enjoining the sale of the said lands upon an execution issued on the said judgment.

A temporary restraining order was granted at the date of the filing of the complaint.

On the 22d day of January, 1873, notice of a motion to dissolve the temporary injunction was filed in the circuit court.

Afterward, on the 14th day of May, 1873, the appellees filed an answer in three paragraphs.

The first alleged that when the said John F. Conner sold and conveyed the lands in dispute to the said Ebenezer Applegate, he possessed no other lands or property subject to sale upon execution, to satisfy the said judgment, or any part thereof. Affidavits were filed in support of such answer, and counsel for appellant admit in their brief the truth of the matters alleged in such answer and affidavits.

The second was the general denial.

The third alleged, in substance, that the appellants, by virtue of the said agreement and order of court thereon, had and held a vendor's lien upon the land in dispute, and that the said Ebenezer Applegate purchased the said land with notice thereof.

The court below, on the 30th of May, 1873, without any issue being formed on the answer, or any trial of the merits, entered an order dissolving the interlocutory order of injunction, to which ruling the appellants excepted, and from such order appealed, and have assigned for error the action of the court in dissolving the temporary injunction.

Two positions are assumed by counsel for appellants:

First, that the decree entered by the court in the proceedings in partition, upon said agreement, requiring the said John F. Conner to pay to the appellants the sum of six hundred dollars, nine years thereafter, did not have the force and effect of a judgment, and created no lien upon the lands in dispute.

The second position is, that, conceding that said decree had the force and effect of a judgment, at the time it was rendered, more than ten years having elapsed from its rendition to the sale of the land in dispute by the said John F. Conner to the said Ebenezer Applegate, the same had

ceased to be a lien on such land, and that the said Applegate took the same free from any lien or equity in favor of the appellants.

A proceeding for the partition of lands is a proceeding *in rem,* and ordinarily no personal judgment can be rendered, except for costs. The commissioners appointed to make partition found that a just and equitable partition, in value, could not be made without injury to all. The parties, therefore, agreed that the commissioners might equalize the partition, by requiring those who had received more than their just and equitable share to pay to such as had received less than their equitable share certain sums of money. The commissioners agreed upon the sums to be paid. All the parties then signed a written agreement, consenting to the partition, and that judgments should be rendered for the sums named against the persons required to pay, and in favor of those who were to receive. The court thereupon, with the consent and by the express agreement of all the parties in interest, all of whom were before the court, rendered the judgments.

The law, as applicable to judgments by consent, is stated with great force and clearness by FRAZER, J., in *Fletcher* v. *Holmes,* 25 Ind. 458, where the learned judge said : "We can conceive of no reason why a judgment entered by agreement, by a court of general jurisdiction, having power in a proper case to render such a judgment, and having the parties before it, should not bind those by whose agreement it is entered, notwithstanding the pleadings would not, in a contested case, authorize such a judgment. The object of a complaint is to inform the defendant of the nature of the plaintiff's case. It is for his protection that it is required. If he wishes to waive it, or agrees to the granting of greater relief than could otherwise be given under its averments, without amendment, and such relief is given by his consent, we think that the judgment is not even erroneous, much less void, as to him."

In a proceeding for partition, the court has ample power

to settle the rights of the parties interested in the land ; and if it has to be sold, their rights are the same in the proceeds that they were in the land ; and the court has power to adjust and secure their rights, whether legal or equitable, in the proceeds of such sale. *Milligan* v. *Poole,* 35 Ind. 64; *Martindale* v. *Alexander,* 26 Ind. 104.

We are of opinion that the court, under the facts and circumstances stated, possessed the power to render a judgment against the persons consenting thereto. We think the judgment rendered was not void, but whether it was voidable, and might have been held erroneous on the application of the parties affected thereby, are questions not before us, and we express no opinion thereon. The judgment was rendered against John F. Conner, upon his written agreement and by his express consent. He acquiesced in the judgment, and took no steps to relieve himself therefrom. The appellees parted with their lands in reliance upon the validity of the judgment. They are seeking to enforce the judgment. Such judgment created a lien on the lands of John F. Conner.

The lien of judgments, in this State, is regulated by statute. Section 527 of the code, 2 G. & H. 264, reads as follows :

"Sec. 527. All final judgments in the Supreme and circuit courts, and courts of common pleas, for the recovery of money or costs shall be a lien upon real estate, and chattels real, liable to execution in the county where the judgment is rendered for the space of ten years after the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction, or by the death of the defendant, or by agreement of the parties entered of record."

The general rule is, that the lien continues for ten years, and no longer, but there are four exceptions :

1. Where the party is restrained from proceeding by an appeal.

2. Where the plaintiff is restrained by an injunction.

3. Where the plaintiff is prevented from collecting the judgment by the death of the defendant.

4. Where the plaintiff is prevented from enforcing the judgment by an agreement of the parties entered of record.

It was held by this court, in *Castle* v. *Fuller*, 17 Ind. 402, that under the above quoted section the lien terminated at the end of ten years from the rendition of the judgment, and that a person who purchased lands of the judgment defendant, after the expiration of ten years, took the same discharged of all lien of the judgment. It is very obvious that Ebenezer Applegate took the land discharged from the lien of the judgment, as he purchased after ten years from the rendition of the judgment, unless the lien is preserved by some of the exceptions. It is claimed by counsel for appellees, that it comes within the fourth exception.

By the above section of the statute, the lien of all final judgments in the Supreme, circuit, and common pleas courts, is limited to ten years from the time of the rendition thereof. Ordinarily, judgments are operative and susceptible of enforcement from their rendition. In such case, the lien commences to run from the date of the judgment, and the purpose of the legislature was to exclude from computation the time during which the judgment plaintiff was prevented, by either of the four causes above stated, from collecting the judgment. If the judgment against John F. Conner had been in the usual form, and susceptible of immediate collection by execution, and an agreement of the parties thereto had been entered of record, that no execution or other process should issue thereon for nine years from its rendition, it is quite plain that the ten years of the lien would not commence to run until the expiration of the nine years. We think the judgment in the present case was, in substance and legal effect, an agreement of the parties that execution should be stayed for nine years. The judgment was rendered in pursuance of a written agreement of the parties, entered of record, that judgment should be rendered collectible and payable nine years from its date. The judgment, upon its

face, shows that it was not payable or collectible for nine years. During the nine years, the judgment plaintiffs were absolutely prohibited from taking out execution or other process on such judgment, and were therefore not chargeable with laches in the enforcement of their judgment. The case, therefore, plainly comes within the spirit and purpose of the fourth exception to section 527, *supra.*

When Mr. Applegate became the purchaser of the land in dispute, he was chargeable with notice of the existence of the judgment and its terms, and was bound to know that the lien of such judgment was not discharged. He purchased the land, charged with the lien created by such judgment.

The revival of the judgment enabled the judgment plaintiffs to take out execution. If the lien had been discharged by the lapse of time, the revival of the judgment would not revive the lien. It could have no retroactive operation. It would only affect those who purchased subsequent to the revival, or new judgment.

The law relating to the lien of judgments will be found very fully and clearly stated in Freeman on Judgments.

In our opinion, the court committed no error in dissolving the temporary restraining order. The dissolution of the restraining order was not decisive of the cause, but it was left as though no restraining order had been granted, to be determined on final trial upon its merits. In view of the conclusions reached in reference to the lien of the judgment, we have not deemed it necessary to discuss and determine anything in reference to whether a vendor's lien was created in favor of the judgment plaintiffs.

The judgment is affirmed, with costs.