## SHAFER v. SHAFER et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3181. Decided May 7, 1928.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

615. HUSBAND & WIFE—889. Partition— 997. Real Estate.

Wife may maintain action against husband for partition of real estate, held in their joint names.

Error to Common Pleas.

Judgment affirmed.

Jos. B. Kelley, Cincinnati, for plaintiff in error.

Leo. A. Burke, Cincinnati, for defendant in error, Alma Shafer.

Harry W. Vordenberg, Cincinnati, for defendant in error Cent. Bldg. & Loan Co.

### FULL TEXT.

PER CURIAM.

Alma Shafer, defendant in error, and O'Neal Shafer, plaintiff in error, were hubsand and wife, but living separately and apart. They were the joint owners of certain real estate. Alma Shafer filed an action in the Court of Common Pleas against O'Neal Shafer, praying for partition of the real estate, held in their joint names.

O'Neal Shafer, defendant below and plaintiff in error here, resisted partition.

On the hearing of the case, the trial court made separate findings of fact and conclusion of law, and entered judgment granting the partition. From that judgment, O'Neal Shafer prosecutes error to this court.

Shafer resisted the partition on the ground that a wife cannot have partition against her husband of real estate held in their joint names; and on the further ground, that the property was purchased with his money and taken in their joint names, but that the consideration for the interest of the wife had failed.

On the question of the right of a wife to bring an action in partition against her husband, it is sufficient to refer to the following sections of the General Code of Ohio:

Section 8001 provides:

"A married person may take, hold and dispose of property, real or personal, the same as if unmarried."

Section 7999 provides:

"A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; * * *."

Section 7998 provides:

"Neither husband nor wife has any interest in the property of the other, * * *."

It is clear from these sections that the intention of the legislature was, as expressed, a complete emancipation of the wife, in so far as her separate property is concerned, except as to dower rights.

The court did not err in granting partition.

On the question of the failure of consideration, the court, in the separate findings of fact found that the half interest of the wife was a gift from her husband; which finding is supported by sufficient evidence.

Finding no error in the record, the judgment is affirmed.

(Hamilton, PJ., Mills and Cushing, JJ., concur.)