PAVY ET AL. *v.* PAVY.

[No. 18,168.   Filed April 12, 1951.]

*James T. Hooper, Sr.,* of Lawrenceburg, for appellants.

*Edgar L. Baird,* of Rising Sun, and *Hartell F. Denmure,* of Aurora, for appellee.

WILTROUT, C. J.—The question presented by this appeal is stated by the parties as follows: "Can a married woman maintain an action in partition against her husband where he is insane, and under a duly appointed and legal guardian, when the real estate involved in the partition action is owned by the husband and wife as tenants in common?"

The real estate in question had been conveyed to appellee and her husband as tenants by entireties. Thereafter, in an action prosecuted by the guardian, apparently under Burns' 1943 Replacement, §§ 56-402, 56-403, by decree of the Ohio Circuit Court the tenancy by entireties was converted into an estate in common and each became the owner of an undivided one-half thereof. Appellee then filed this action against her husband and the guardian of her husband for partition. The court concluded that partition was proper, found that the real estate was not susceptible to division and ordered it sold by a commissioner.

The statute governing partition of real estate, Burns' 1946 Replacement, § 3-2401 *et seq.,* provides in part:

"Any person holding lands as joint tenant or tenant-in-common, whether in his own right or as executor or trustee, may compel partition thereof in the manner provided in this act. . . . But if, upon trial of any issue, or upon default, or by confession or consent of parties, it shall appear that the land of which partition is demanded cannot be divided without damage to the owners, then, and in that case, the court in its discretion may order the whole or any such part of the premises to be sold, as provided in section eighteen of this act."

By this statute the right to a division is one of the incidents of the cotenancy, together with the right to a sale of the whole tract of land in the event said land is indivisible. *McClure* v. *Raber* (1939), 106 Ind. App. 359, 19 N. E. 2d 891.

"In a partition proceeding, the rights of the parties, whether legal or equitable, are equally within the cognizance and protecting power of the courts." *Coquillard* v. *Coquillard* (1916), 62 Ind. App. 426, 113 N. E. 474.

Appellant's position is that at common law neither husband nor wife may maintain an action at law against the other, by reason of the common law fiction of the unity of the parties; that authorization for a partition action by the wife, if it exists, must be found in the statutes.

Thus in *Howe et al.* v. *Blanden et al.* (1849), 21 Vt. 315, the statute under consideration, like our statute, provided that "any person" having or holding real estate in common, may have partition in the manner therein provided. The court said, "We think a *feme covert* cannot, under this statute, compel a partition against her husband, nor the husband against his wife. The expression *'any person,'* in the statute, should be

restrained to such a person, as could be a suitor in the common law courts. It would seem rather incongruous, to enforce a partition, so long as the husband is entitled to hold the wife's part as tenant by the curtesy." The court then observed, "If a partition can be enforced between Packer and his wife, it appears to me, that a resort should be had to chancery,—where the wife may institute proceedings against her husband, by means of a next friend, whenever her separate interest requires it." See also *Pentek* v. *Pentek* (1934), 117 N. J. Eq. 292, 175 Atl. 623, which quotes from *Fulper* v. *Fulper* (1896), 54 N. J. Eq. 431, 34 Atl. 1063: "Equity will decree a partition between husband and wife, if they hold as tenants in common, to the same extent which it would if they were strangers."

"It has been held that by reason of the various acts providing for the emancipation of married women as to their separate property and permitting husband and wife to deal with each other as though each were sole, a wife may have partition against her husband of property held in their joint names." 2 Tiffany, *Real Property* 312, 313, § 475 (3rd ed.). *Shafer* v. *Shafer* (1928), 30 Ohio App. 298, 163 N. E. 507; *Shively* v. *Shively* (1948), 54 O. L. A. 527, 88 N. E. 2d 280, 88 N. E. 2d 615; *Moore* v. *Moore* (1916), 59 Okla. 83, 158 Pac. 578.

To the same effect see 68 C. J. S., Partition, § 56e, p. 85, where it is stated:

"While neither husband nor wife may, in the absence of statutory authorization, maintain an action at law against the other for partition, under the married women's acts which with few limitations have emancipated the wife from the disability of coverture, either husband or wife may obtain partition on a bill in equity of land which they hold as cotenants."

In 26 Am. Jur., Husband and Wife, § 89, p. 715, it is said:

"While there is authority to the effect that husband and wife who are tenants in common cannot compel partition one against the other where they cannot sue each other and constitute adverse parties, in several cases, however, it has been held or recognized that the wife may maintain such a proceeding in equity against her husband, and he against her. Under the Married Women's Acts enabling spouses to sue each other, there is, of course, no question but that they can sue each other for partition in a proper case."

By statute in this state a married woman may sue her husband in her own name. Burns' 1946 Replacement, § 2-205. By reason of the statutory emancipation of married women in this state, in line with the cited authorities, we hold that a married woman may maintain an action in partition against her husband.

The further question remains as to what, if any, effect the insanity and guardianship of the husband may have.

It is appellant's contention that appellee may convey title to her property only under the provisions of Acts of 1901, ch. 120, § 1, p. 279; Acts of 1905, ch. 54, § 1, p. 102; Burns' 1943 Replacement, § 56-401, and that an action to partition is prevented thereby. This statute provides that whenever any person owning real estate desires to sell the same, and whose husband or wife is insane, such person may do so upon complying with the provisions thereof, without the joinder of the insane spouse. Provision is made for the filing of a petition, the giving of notice, and the filing of a bond "conditioned to keep such insane husband or wife from be-

coming a county charge, and to account to him or her, upon restoration to sanity, if he or she shall, upon such restoration, demand it, one-third of the purchase-money received for the real estate . . ."

Appellant argues that this statute, as well as others, evinces an intent to the legislature to protect the interests of persons who are insane. With this we must agree. But the legislature has provided other methods of transferring property interests where one of the spouses is insane, without requiring a bond from the sane spouse conditioned upon keeping the other from becoming a public charge. Thus, married women whose husbands are insane may be authorized and empowered by the court to convey or encumber their separate estate. Burns' 1949 Replacement, §§ 38-121, 38-122. And where the guardian of a person of unsound mind makes sale of the real estate of the ward under order of court, the ward's spouse may join in the guardian's deed or make a separate deed to the grantee and convey such spouse's interest. Burns' 1943 Replacement, §§ 56-404, 56-405.

To say that Burns' 1943 Replacement, § 56-401, by implication constitutes a limitation upon the statutes concerning partition is to read into it an intent which the legislature did not see fit to express.

That statute is one concerning the sale and conveyance of real estate, and not the partition thereof. Partition is a proceeding to enforce a right to the division of property and to have the shares set off in severalty. 2 *Henry's Probate Law and Practice* 1353, § 940; 40 Am. Jur., Partition, § 2, p. 4.

It is only where the land cannot be divided without damage to the owners that the court may order a

sale of the whole or any part thereof as a means of accomplishing the primary object of the proceedings. Burns' 1946 Replacement, § 3-2405.

We conclude that the right to partition is not so circumscribed.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 2d 224.