**Joyce Ann CULLEY and Kathryn Day Culley, Appellants–Plaintiffs,**

**v.**

**McFADDEN LAKE CORPORATION, John Crum and Nancy Crum, Appellees–Defendants.**

**No. 65A01–9603–CV–91.**

Court of Appeals of Indiana.

Dec. 6, 1996.

---

Robert R. Faulkner, Shively & Kent, Evansville, for appellants--plaintiffs.

David O. Givens, Allyn, Givens & Bender, Mount Vernon, for appellees--defendants.

## OPINION

BAKER, Judge.

 Today we are asked to decide whether Indiana law recognizes a trial court's power to award owelty in partitioning a parcel of land. Partition is a proceeding in which a cotenant of land enforces a right to divide the property and to have the shares set off in severalty. *Pavy v. Pavy*, 121 Ind. App. 194, 98 N.E.2d 224, 226 (1951). Owelty is a sum of money paid by one cotenant to another when land cannot be equally divided among the cotenants in a partition proceeding without impairing the value of all the parties' interests. The payment is required so that each cotenant receives the full value of his or her interest in the land.

In this case, appellants-plaintiffs Joyce Ann Culley and her sister, Kathryn Day Culley, (Culleys) contest the trial court's decree which ordered that land owned by them as tenants in common with appellees-defendants, McFadden Lake Corporation (MLC), be partitioned and awarded the Culleys owelty in the amount of $1,525. The Culleys argue that the trial court was without the authority to award owelty and, as a result, the land should have been sold and the proceeds divided. Alternatively, the Culleys argue that even if the trial court was authorized to award owelty in partitioning the land, it was not permitted to do so in this case since all of the parties did not consent to the partitioning. Finally, the Culleys contend that the trial court erred in adopting the commissioners' report which failed to award each of them individually an one-sixth interest.

## FACTS

The Culleys and MLC own three parcels of land located in Posey County, Indiana as tenants-in-common. Parcel A consists of ten acres with a value of $20,000, Parcel B is comprised of twenty-eight acres with a value of $34,000 and Parcel C consists of fourteen and one-tenth acres valued at $10,575. In each of these parcels, Joyce and Kathryn individually own an undivided one-sixth interest, while MLC owns an undivided two-thirds interest.

On April 18, 1994, the Culleys filed a petition in the Posey Circuit Court seeking to partition Parcel A. MLC responded to the petition on June 14, 1994 by filing a counterclaim to partition all three parcels. As a result, the trial court appointed three commissioners, pursuant to IND. CODE § 32–4–5–6, and instructed them to "determine the value of the real estate" and to try to "partition the property in such a way that there will be no financial damage to the owners." Record at 80. The court also ordered the commissioners to award a one-sixth interest to Joyce and Kathryn individually and a two-thirds interest to MLC. R. at 80.

On October 7, 1994, the commissioners tendered their report to the trial court. They recommended that the trial court award the Culleys Parcel A, valued at $20,000, and owelty in the amount of $1,525. The report further recommended that parcels B and C, be awarded to MLC. Finally, the commissioners recommended that in the event the parties did not agree to the recommended partition, the land should be sold and the proceeds divided. R. at 84.

On November 14, 1994, the Culleys filed their objections to the commissioners' report. On October 12, 1995, the court held a hearing and subsequently entered findings of fact and conclusions of law adopting the commissioners' partition plan. The Culleys now appeal the trial court's decree.

## DISCUSSION AND DECISION

The Culleys contend that the trial court did not have the authority to award owelty under Indiana's partition statutes, IND. CODE § 32–4–5–1 to 32–4–5–23. In the alternative, the Culleys argue that even if the court had the authority to award owelty, it should not have done so in the instant case because the commissioner's report required the parties' agreement as a condition precedent to partition the land. Finally, the Culleys contend that the trial court erred in adopting the commissioners' report which failed to award a one-sixth interest to both Joyce and Kathryn.

 Initially, we note our standard of review. The Culleys filed a motion request-

ing the trial court to enter findings of fact and conclusions of law pursuant to Ind.Trial Rule 52. Therefore, we employ a two-tiered standard of review on appeal. We first determine whether the evidence supports the findings of fact and then whether those findings support the judgment. *Trinkle v. Leeney,* 650 N.E.2d 749, 751 (Ind.Ct.App.1995). The trial court's findings and judgment which flow therefrom will not be set aside on appeal unless they are clearly erroneous. *Patterson v. Grace,* 661 N.E.2d 580, 584 (Ind. Ct.App.1996). Findings of fact are clearly erroneous if the record contains no facts which support the findings either directly or by inference. *Id.* The judgment is clearly erroneous if it is unsupported by the findings of fact and the conclusions which rely on those findings. *Id.* We neither reweigh the evidence nor judge the credibility of witnesses. *Id.*

### A. Partition Statutes

▆▆▆ First, the Culleys contend that the trial court did not have the authority to award owelty under Indiana's partition statutes. The partition statutes permit any person holding land as a joint tenant or tenant-in-common to petition the trial court to compel partition of the real estate. I.C. § 32–4–5–1. If the parties cannot agree on how the land should be partitioned, the trial court appoints three commissioners to resolve their dispute. I.C. § 32–4–5–6. The commissioners then determine whether the land can be divided and, if it is divided, how it should be accomplished.[1] If the land cannot be divided without damage to the owners, the land is sold. *Pavy,* 121 Ind.App. at 199–200, 98 N.E.2d at 226. Thereafter, the commissioners file their report with the trial court, which may either confirm or set aside the commissioners' recommendation. I.C. § 32–4–5–10–11 and –12.

The Culleys correctly note that Indiana's partition statutes do not expressly confer upon the commissioners or the trial court the power to award owelty in partitioning land. As a result, we must determine whether, absent an express statutory provision, the commissioners and the trial court have the authority to award owelty.

In 1873, our supreme court handed down two decisions which involved a trial court awarding owelty. Although the partition statutes at issue in those cases differ slightly from the current partition statutes, the cases involved a similar partition procedure which did not include an express provision granting trial courts or commissioners the authority to award owelty.[2] In *Lucas v. Peters,* 45 Ind. 313, 315–16 (1873), our supreme court recognized in dicta the commissioners' authority to award owelty and the trial court's power to confirm the commissioners' recommendation. In *Lucas,* the court set aside the trial court's partition decree because the commissioners could have divided the land without awarding owelty. The court, however, stated that the trial court may have "possessed the power, under a different state of facts, to decree compensation." *Id.* at 318.

Then, in *Applegate v. Edwards,* 45 Ind. 329, 334 (1873), the supreme court reviewed a partition decree dividing land among several heirs. In this case, the commissioners had issued a recommendation dividing the land and awarding certain heirs owelty in order to equalize the value of each party's interest. The heirs agreed to the commissioners' recommendation and the trial court subsequently adopted and entered judgment on the report. On appeal, the supreme court held that because the heirs agreed to the partition plan by signing a written consent form, the trial court's judgment was proper and valid. *Id.* at 335. The supreme court declined to address whether the partition plan was equitable or whether owelty was properly award-

---

**1.** I.C. § 32–4–5–10 requires the commissioners to partition the land by specifying "by divisions or lots, or metes and bounds, or by plats, the shares assigned to each party." Thus, the commissioners, and not the court, determine the exact shares to which each of the parties is entitled. Further, the commissioners are required to divide the parcels in a manner that will not "materially damage" any of the owners. *Livengood v.*

*Munns,* 108 Ind.App. 27, 35, 27 N.E.2d 92, 95 (1940). The commissioners are to focus on value, not quantity. *Dillman v. Cox,* 23 Ind. 440, 444 (1864).

**2.** The Indiana General Assembly enacted the first partition statutes in 1852. *See* 1852 Ind. Acts, Vol. II., Chap. XI.

ed to certain heirs, however, it did implicitly recognize the commissioners' power to recommend an award of owelty.

In addition to these cases, our supreme court has recognized the authority of trial courts and commissioners to go beyond the express provisions of the partition statutes in order to accomplish an equitable division. For example, the court has recognized the commissioners' power to create an easement or impose a servitude on the land, *Long v. Schowe*, 181 Ind. 13, 103 N.E. 785, (1914), and to consider advancements. *Scott v. Harris*, 127 Ind. 520, 27 N.E. 150 (1891).[3] Additionally, our courts have recognized the trial court's authority to exercise similar equitable powers to settle disputes between parties to a partition proceeding, including ordering an accounting between the parties, *Peden v. Cavins*, 134 Ind. 494, 34 N.E. 7 (1893), reforming a mortgage, *Conyers v. Mericles*, 75 Ind. 443 (1881), and awarding compensation for improvements in land. *Willett v. Clark*, 542 N.E.2d 1354 (Ind.Ct.App.1989). Thus, on the basis of these cases and the inherent equitable nature of partition proceedings, we find that commissioners and trial courts have the power to award owelty.

 Having determined that trial courts have the power to award owelty, we now consider whether the trial court's partition and award of owelty was proper in the instant case. According to the Culleys, the trial court should have ordered the land sold and the proceeds from the sale divided among the cotenants. In addition, the Culleys argue that the partition plan ordered by the court is inequitable.

A trial court may order a sale of land, rather than a partition, only when it determines that the land cannot be partitioned without damage to the owners. I.C. § 32–4–5–13; *Pavy*, 121 Ind.App. at 199–200, 98 N.E.2d at 226. Here, all three commissioners testified that the land was capable of being divided. R. at 170, 174, 176. Commissioner William Wilson further testified that the partition plan recommended by the com-

missioners was beneficial to both parties. R. at 171. Douglas B. McFadden, President of MLC, also testified that he was in favor of partition because he wanted to keep the land together as one of the "oldest working farms" in Indiana. R. at 190. This evidence supports the trial court's findings that the land could be partitioned, partition would benefit both parties and that the land did not have to be sold. Thus, the trial court did not abuse its discretion in ordering the land to be partitioned.

■ The evidence further reveals that the court's partition decree, which included an award of owelty, was equitable. The commissioners valued Parcel A at $20,000, Parcel B at $34,000 and Parcel C at $10,575, for a total value of $64,575. The commissioners then divided the total value of the parcels by three to determine the value of the Culleys' undivided one-third interest. Because the Culleys' interest was $21,525, the trial court awarded them Parcel A plus $1,525 in owelty. At the hearing, all three commissioners testified that, after trying several different partition plans, their recommendation was the most equitable. R. at 169, 170, 172. The commissioners further testified that the $1,525 of owelty awarded to the Culleys was a nominal amount compared to the total value of the land. R. at 171, 174, 176. Therefore, we cannot say that the trial court erred in partitioning the land and awarding owelty.

### B. Condition Precedent

■ In the alternative, the Culleys argue that even if the trial court had the authority to award owelty, the commissioners' report made the parties' agreement to the recommended partition a condition precedent to implementing the partition scheme. At the end of their report, the commissioners noted that "[if] the parties cannot agree to this partition, it is our recommendation that the entire 52 acres and improvements be sold and the interest divided." R. at 84. The Culleys argue that this provision expressed the "clear intention of the commissioners

---

**3.** At the time the supreme court handed down this decision, the partition statute did confer upon a trial court the power to consider advancements to heirs in partitioning the land of a person dying intestate, however, the statute did not expressly confer this power upon the commissioners.

that agreement of the parties be a condition precedent to effectuating the partition scheme." Appellants's Brief at 17. Further, they assert that because they did not agree to the partition recommendation, the land should have been sold and the proceeds divided among the parties.

In support of their argument, the Culleys rely on *Applegate,* 45 Ind. 329, in which the supreme court affirmed the trial court's partition plan and owelty decree because the parties consented. The Culleys argue that pursuant to *Applegate,* parties to a partition proceeding must agree to a commissioners' report recommending partition which includes an award of owelty. We disagree.

Although the court's decision to affirm in *Applegate* was based upon the fact that the parties had agreed to the partition plan which involved owelty, the court did not address whether the trial court's decision to award owelty was correct or whether consent by the parties was necessary to support an award of owelty. *Id.* at 335. In fact, the parties voluntarily consented to the commissioners' recommended partition scheme. Thus, *Applegate* does not support the Culleys' argument.

██ Moreover, we fail to see to how consent of all the parties could ever be required in partitioning land. Parties often require court intervention in partition proceedings because they cannot agree on how the land should be divided. Such agreements, therefore, would be rare. Further, requiring the parties' consent would invade upon the trial court's duty to partition land in a fair and equitable manner and would work against the public policy in favor of making land useful for all of the co-tenants. Thus, we find the parties' consent is not a requirement in a partition proceeding involving owelty. The trial court did not err.

Finally, notwithstanding the Culleys' assertion that the commissioners' report required the parties to agree to the partitioning scheme, we interpret the commissioners' language as merely a recommendation that the land be sold should the parties fail to agree to the partition. At the end of the report, the commissioners noted: "If the parties cannot agree to this partition, it is our *recommendation* that the entire 52 acres and improvements be sold." (emphasis added) R. at 84. The commissioners' statement, therefore, served only as guidance and not as a requirement. Thus, the trial court was not required to obtain the consent of all of the parties before adopting the commissioners' report.

### C. Trial Court's Instructions

██ Finally, the Culleys argue that the trial court erred in adopting the commissioners' report because it failed to award both Joyce and Kathryn a one-sixth interest in the land. They argue that because the interests of tenants-in-common are several and not joint it was error for the trial court to collectively award them a one-third interest.

██ Once the trial court appoints commissioners to partition land, the court must either confirm the commissioner's report or set it aside in its entirety. I.C. § 32–4–5–11–12; *Gilstrap v. Gilstrap,* 397 N.E.2d 1277, 1282 (Ind.Ct.App.1979). The trial court may not make adjustments in the commissioners' recommended distribution. *Gilstrap,* 397 N.E.2d at 1282. However, the trial court may clarify the commissioners' report as long as the changes do not disturb the commissioners' recommended distribution or the meaning of the report. *Burger v. Schnaus,* 61 Ind.App. 614, 618, 112 N.E. 246, 248 (1916).

Here, the commissioners recommended awarding the Culleys a collective one-third interest. Subsequently, the trial court confirmed and clarified the commissioners' recommendation by awarding both Joyce and Kathryn one-half of the one-third interest awarded by the commissioners. Thus, the trial court did not award Joyce and Kathryn a one-third interest in the land, rather, it revised the commissioners' report to award each a one-sixth interest. Because the trial court merely clarified the commissioners' recommended partition scheme, it did not disturb the commissioners' distribution or change the meaning of the report. Both Joyce and Kathryn ultimately received a one-sixth interest in the partitioned land and, therefore, we find no error.

### D. Conclusion

In summary, we find that the trial court had the authority to partition the land and award owelty to the Culleys. Further, we find that agreement of all the parties to owelty was not a condition precedent to partitioning the land. Finally, we find that the trial court did not err in clarifying the commissioner's report by awarding both Joyce and Kathryn one-half of the one-third interest collectively awarded to them by the commissioners.

The trial court's judgment is affirmed.

ROBERTSON and KIRSCH, JJ., concur.