Haywood *v.* Judson.

SAME TERM. *Before the same Justices.*

HAYWOOD and wife *vs.* JUDSON and others.

In cases of partition a court of equity does not act merely in a ministerial character and in obedience to the call of the parties who have a right to the partition, but, acting upon its general jurisdiction as a court of equity, it administers its relief *ex æquo et bono* according to its own notions of equity between the parties.

The court is not restricted to a partition of all the lands, or a sale of the whole. But when a part of the land may, without prejudice to the interests of any of the parties, be allotted to one of the parties, but the share of the other parties in the residue of the land cannot be allotted to them without prejudice to their interests, it is an appropriate exercise of the power of the court to allot to such of the parties as can have their lands set off to them without prejudice either to themselves or to their co-tenants, their respective shares, and to direct a sale of the residue of the land which cannot be so divided.

IN EQUITY. The bill in this cause was filed for the partition of land. The premises consisted of a farm in the town of Hillsdale, containing 329 acres. The plaintiff was the owner of fifty-four one hundred and tenth parts, and the six defendants were owners of the remaining fifty-six parts, in different proportions. A referee, under the usual order for that purpose, reported that the premises were so situated that an actual partition thereof could not be made *among all* the owners thereof, according to their respective rights, without prejudice

to the interests of all except the plaintiff; for the reason that the share of each of the defendants would be too small a quantity of land to be used and occupied to advantage.   The referee further reported that, in his opinion the fifty-four parts of the farm belonging to the plaintiff could be partitioned from the fifty-six parts belonging to the defendants without injury to the interests of the parties, for the reason that the premises could be divided into two farms of convenient size.

*C. L. Monell,* for the plaintiff, claimed that the plaintiff was entitled to have his fifty-four parts of the farm set off by actual partition, and if, by reason of the number of shares into which it would be necessary to divide the remaining fifty-six parts to make partition between the defendants, such partition would be prejudicial to their interests, the decree should only direct the sale of the defendants' share of the farm.

*J. V. L. Pruyn,* for the defendants, insisted that, inasmuch as it appeared that partition could not be made among all the owners without great prejudice, no decree for partition could be made, but that the whole of the premises must be sold.

*By the Court,* HARRIS, J.   Partition between tenants in common of real property is a matter of right, by the common law as well as by statute.   (*Smith* v. *Smith,* 10 *Paige,* 470.) Courts of equity have also a general concurrent jurisdiction with courts of law in all cases of partition, at common law, as well as by statute.   (*Story's Eq. Juris.* § 658.   2 *R. S.* 329, § 79.)   And in cases of partition, a court of equity does not act merely in a ministerial character, and in obedience to the call of the parties, who have a right to the partition, but, acting upon its general jurisdiction, as a court of equity, it administers its relief *ex æquo et bono* according to its own notions of equity between the parties.   Thus, it will assign to the parties respectively such parts of the estate as will best accommodate them and be of most value to them with reference to their respective situations in relation to the property before the partition; and

Haywood v. Judson.

where there are several parcels of land, instead of dividing each parcel among all the parties, it will, in its discretion, allot one parcel to one party, and another to another, and then make up for any inequality, by a decree for compensation; and for this purpose, if necessary, it will give special instructions to the commissioners. (*Story's Eq. Juris.* §§ 656, *b*, 657, 658.) It is this peculiar power of a court of equity to make compensatory adjustments between the parties, which has, in practice, almost superseded the jurisdiction of the common law courts. In the exercise of this general jurisdiction, which enables it to administer remedial justice according to its own views of the equity of each particular case, I see no reason why the court should be restricted to a partition of all the lands, or a sale of the whole. When, as in this case, a part of the land may, without prejudice to the interests of any of the parties, be allotted to one of the parties, but the shares of the other parties in the residue of the land cannot be allotted to them without prejudice to their interests, it seems to me to be an appropriate exercise of the power of the court to allot to such of the parties as can have their lands set off to them without prejudice either to themselves or to their co-tenants, their respective shares, and to direct a sale of the residue of the land which cannot be so divided. More complete justice might be done by such a decree than by a decree for the sale of the whole.

Nor is there any thing in the statute which restricts the power of the court in this respect. On the contrary, it is expressly provided that partition may be made of some of the lands held in common by the parties, while others are sold. The 37th section of the act in relation to the partition of lands (2 *R. S.* 323,) provides that in case the commissioners shall report to the court, that the lands of which partition has been directed, are so situated, or that *any distinct lot, tract, or portion thereof is so situated,* that a partition thereof cannot be made, without great prejudice to the owners of the same, the court may order the commissioners to sell, not the whole of the premises of which partition is sought, but the lands so situated that partition thereof cannot be made without great prejudice to the owners.

Haywood *v.* Judson.

So also it is provided by the 81st section of the same act, that if it shall appear by the report of a master that the premises *or any* part of them are so circumstanced that a partition thereof cannot be made without great prejudice to the owners, the court may order a sale thereof, &c. The legislature evidently intended that no land should be sold under a proceeding for partition unless it should appear to the court that a sale would be *greatly more beneficial* to the parties interested than an actual partition. Hence the power, by statute, to direct a sale, is restricted to cases where it appears that actual partition cannot be made, without *great prejudice* to the owners. If, then, it is made to appear, as it does in this case, that a portion of the premises may be set off to satisfy the share of one of the parties, without *any prejudice* to any of the owners, while the residue of the premises cannot be divided among the residue of the owners without *great prejudice* to them, it seems to be within the spirit and object of the legislature to direct a partition, so far as it can be made without prejudice to any of the parties, and a sale, where such partition cannot be made. A party whose share can be set off to him, without any prejudice to the other owners, ought not, against his will, to have his share sold because the other owners hold in shares so small as to render a sale of such shares necessary. The referee, in this case, has reported that the plaintiff's share of the farm of which partition is sought may be set off to him without injury to the interests of the parties. I think the opinion of the referee is sustained by the proofs taken by him. Indeed, I am inclined to think, from what appears in relation to the situation of the property, that it would be more beneficial to the defendants themselves to have the plaintiff's share of the farms set off to him, than to have the whole sold together. At any rate, it cannot be *greatly prejudicial* to their interest to have only their share sold, instead of the whole.

A decree must be entered for the appointment of commissioners, with directions to them to make partition of the premises between the plaintiff and the defendants, so as to set off to the plaintiff his fifty-four parts thereof, and to the defendants togeth-

er as tenants in common, their fifty-six parts. The commissioners are to make the division in such manner as to secure the greatest aggregate value of the two parcels into which the farm is to be divided, and for equality of partition, they may charge either parcel with the payment of such sum to the owner or owners of the other as may be necessary. The decree must also provide that, after the commissioners shall have made a report of their partition, and the same has been confirmed, they shall proceed to sell the portion allotted to the defendants. The decree to contain the usual directions in that respect. If the counsel for the parties shall not agree upon commissioners, each may propose to the other the names of suitable persons, with notice that the same will be presented to the court upon the settlement of the decree.

---

SAME TERM.    *Before the same Justices.*