May Term,
**1859.**

LAKE
v.
JARRETT.

———————

LAKE and Wife *v.* JARRETT and Others.

Although parties may be willing and competent to make partition of their lands among themselves, yet either of them may commence proceedings for partition under the statute, without first making an effort for an agreement upon the terms of partition without such proceedings.

Where the Court ordered commissioners to set apart to each of the parties to the proceeding for partition one-fifth of the premises, the commissioners reported that the land was not susceptible of partition, without great detriment to the parties, and recommended a sale according to law. The defendants objected to the sale, and protested against the sale of their part, and asked that it might be set off. The objections to the report were, 1. That it was untrue. 2. That it did not set forth the facts upon which the opinion of the commissioners was based. But the Court overruled the objections and ordered the sale.

*Held,* 1. That if the meaning of the report was, that the partition could not be made into fifths, as ordered, the Court erred in ordering the defendants' part to be sold, without a report showing that their part could not be divided from the rest without detriment, &c.; but if the report meant that the defendants' share could not be so set off to them, then the second objection of the defendants to the report should have been sustained.

2. That the report would have been sufficient, in the absence of any objection.

APPEAL from the *Wayne* Court of Common Pleas.

WORDEN, J.—Petition for partition by the appellees against the appellants. The property sought to be partitioned was a quarter section of land, one-fifth of which belonged to each of four of the petitioners, and one-fifth to the defendants. Prayer, that partition be made between the parties plaintiff and defendant, according to their respective rights.

The defendants answered that they had never refused to make partition of the estate, &c., but have, at all times, been willing and anxious to make the same, and are now

*Wednesday, June 8.*

willing, as the owners are competent to do, without applying to this Court, and that the plaintiffs have refused to do so, wherefore, &c.

A demurrer was sustained to this answer, and we think correctly. Although the parties might be perfectly willing to make partition, yet they might not be able to agree upon the manner of doing it. The statute, we think, authorizes the proceeding, although some, or all, of the parties in interest, are willing to have partition made. Although the parties may be willing and competent to make partition amongst themselves, yet they are not required to make an effort to agree upon terms, before proceedings can be instituted by either of them, for a partition under the statute.

The Court awarded partition as prayed for, and appointed commissioners to set apart to each party his respective one-fifth part of the premises.

The commissioners reported "that after careful survey and examination of the lands aforesaid, and after due deliberation upon the premises, they are of opinion that the land aforesaid is not susceptible of partition without great detriment to the interests of the parties concerned; and they therefore recommend that the land be appraised and sold according to law, for the benefit of said heirs."

The defendants filed their written objections to the report of the commissioners, so far as the sale of the property was concerned, and protested against the sale of their share thereof, and asked that it might be set off to them from the residue, by proper partition.

The objections to the report are, first, that it is not true; and, second, that it does not set forth the facts upon which the opinion of the commissioners is based.

These objections the Court overruled, and ordered the land to be sold, exception being properly taken.

It is doubtful whether the report of the commissioners, although its language is general, should be construed to mean that, in their opinion, the land could not be divided by setting off the share of the defendants by itself, and the shares of the plaintiffs all together, thus dividing the

land into two unequal parts. The more natural interpretation would be, that in their opinion it could not be divided into the five parts, as specified in the order of the Court directed to them.

The 18th section of the act on the subject (2 R. S. p. 332), provides that, "When such commissioners shall report to the Court, that the whole or part of the lands of which partition is demanded, cannot be divided without damage to the owners, the Court, in its discretion, may order the whole, or such part of the premises to be sold. * * * And if part only be sold, the remainder may be partitioned, subject to the rules hereinbefore provided."

This provision clearly contemplates a sale of a portion of the land, and a partition of the residue, in a proper case. If the report of the commissioners is to be construed to mean that the land could not be divided as ordered by the Court, viz., into five parts, without great detriment, &c., and not that it could not be divided by setting off to the defendants their portion, then we think the order of the Court was wrong, in directing a sale of the defendants' share, without any report showing that their share could not be divided from the rest without detriment to the parties. On the other hand, if the report is to be regarded as passing upon the susceptibility of a division by setting off to the defendants their share, then we are of opinion that the objection taken, that it did not set forth the facts upon which the commissioners based their conclusion, should have prevailed. The report would probably have been entirely sufficient had no objection been taken; but having been taken the objection should have been sustained. The Court had a discretion to exercise, as to the order which it should make in the premises, and in such case, the facts should have been reported, that such discretion might be exercised properly. This view is fully sustained by the case of *Tucker* v. *Tucker*, 19 Wend. 226, where such objection was allowed to prevail. *Vide*, also, *Lacoss* v. *Keegan*, 2 Ind. R. 406.

We are of opinion that the order of the Court for the sale of the whole premises was erroneous, and that it must

May Term,
1859.

GILLISPIE
v.
THE FORT
WAYNE, &C.,
RAILRO'D CO. be reversed. It should, perhaps, be remarked that the appeal in this case was properly taken as from an interlocutory order.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings not inconsistent with this opinion.

*G. W. Julian*, for the appellants.

*M. Wilson* and *C. H. Burchenal*, for the appellees.