## LUCAS ET AL. *v.* PETERS ET AL.

PARTITION.—*Report of Commissioners.*—The report of commissioners in a partition proceeding is to be regarded in the light of a verdict of a jury rendered upon a trial at law; and it should be disturbed or interfered with by the court only upon grounds similar to those on which a verdict would be set aside and a new trial granted.

SAME.—*Review of Judgment.*—In proceedings to review a judgment of partition, if the court finds that the partition as made is unequal, it cannot render a judgment requiring those who have received more than their proper shares to make a money compensation to the parties who have received less. In such case, it should appoint the same or other commissioners to make another partition, and if they report that the lands, in whole or in part, cannot be divided without damage to the owners, the court should then order such portion to be sold as is not susceptible of division.

SAME.—*Division of Part.*—If a portion of the lands can be divided without injury, or if the shares of one or more of the parties can be set off to them, and the residue cannot be partitioned, the latter portion only should be ordered to be sold

From the Tippecanoe Common Pleas.

*G. O. Behm, A. O. Behm, M. Jones,* and *J. L. Miller,* for appellants.

*F. B. Everett,* for appellees.

BUSKIRK, J.—This was a proceeding on the part of the appellants against the appellees, to review and set aside, upon the ground of irregularity, a judgment in partition.

There was issue, and trial by the court, who, at the request of the appellants, rendered a special finding of facts and conclusions of law, to which there was an exception. There were also motions for a *venire de novo,* for a new trial, and in arrest of judgment, and proper exceptions. The facts nec-

essary to a proper and intelligible understanding of the questions of law presented for our decision sufficiently appear in the special finding of facts, which is as follows:

"Come now the parties by their attorneys, and the court, being now fully advised in the premises, renders "the following special findings in this behalf made at the request of the plaintiffs, to wit:

"The State of Indiana, Tippecanoe County—ss. In Common Pleas Court, to November term, 1872. *Mary Lucas et al.* v. *John J. Peters.* Complaint to review and set aside partition.

"I find that partition was made between the heirs of John Peters deceased, at the time shown in the complaint; that the parties to this suit were all parties to the original proceeding, and were all and the only heirs of said decedent; that Mary Lucas, James Lucas, her husband, and Robert Peters, the present plaintiffs, were non-residents of the State of Indiana, and were notified of the pendency of the petition for partition by publication; that Langham Peters was an insane person, appearing by a committee appointed by the court to defend for him; that Martha J. Peters was a person of unsound mind, appearing by committee appointed by the court to defend for her; and that all of the other parties were residents of this State and of this county, and had been duly served by summons in the original suit for partition.

"I further find that the lands mentioned in the complaint lie in three separate tracts in this county, and that a partition exactly equal cannot be made without pecuniary contribution, without injury to the several parties in interest.

"I further find that it would probably be an injury to some of the heirs, particularly those under disability, if the lands were sold.

"I further find that, in the judgment of the court, the partition already made, when equalized, would be as advantageous to the heirs as any that could be made; that the following sums to be paid by the parties named will, when paid to the others named, equalize such partition, viz.: Elihu

Peters is to pay into court three hundred and sixty-two dollars; Hannah Blickenstaff is to pay into court one hundred and thirty-one dollars; John Blickenstaff to pay into court three hundred and thirty-one dollars; which sums are to be paid out as follows, viz.: To John J. Peters, one hundred and sixty-seven dollars; to Robert Peters and Mary Lucas, one hundred and eighty-eight dollars; to Martha J. Peters, four hundred and sixty-nine dollars, to equalize the shares, which should be to each in value two thousand five hundred and sixty-nine dollars, and as partitioned were of the value as follows, viz.:

| | |
|---|---:|
| " Elihu Peters, two shares, $2,750 each, - - | $5,500 |
| "Langham Peters, one share, - - - | 2,569 |
| " John J. Peters, one share, - - - | 2,400 |
| " Hannah Blickenstaff, one share, - - | 2,700 |
| " John Blickenstaff, one share, - - | 2,900 |
| " Robert Peters and Mary Lucas, two shares, - | 4,950 |
| " Martha J. Peters, one share, - | 2,100 |

" I further find that no ratification of the partition heretofore made has been made by the guardian of the insane person, and that Elihu Peters and John Blickenstaff are in actual possession of their shares, treating them as their own, and that John J. Peters, as guardian of Martha J. Peters, has taken possession of her share and is having the same farmed for her benefit.　　　　　　　　　JOHN M. LaRue."

Did the court err in its conclusions of law?

The solution of this question depends upon the construction which our statute regulating partitions should receive.

The ninth section, as amended by the act of May 14th, 1869, is as follows: "Sec. 9. If upon trial of any issue, or upon default, or by consent of parties, it shall appear that partition ought to be made, the court shall award an interlocutory judgment that partition be made to parties who may desire the same, specifying therein the share assigned to each, and taking into consideration advancements to heirs of a person dying intestate, and the residue of the premises shall remain for the persons entitled thereto, subject to a

future partition. But if, upon trial of any issue, or upon default, or by confession or consent of parties, it shall appear that the lands of which partition is demanded, cannot be divided without damage to the owners, then, and in that case, the court in its discretion may order the whole or any such part of the premises to be sold, as provided for in section eighteen of this act."

It is provided by the eleventh section, that "upon judgment of partition, the court shall appoint three disinterested resident freeholders of the county in which such court is held, not of kin to any of the parties, who shall make partition of such lands, in pursuance of the judgment of the court." 2 G. & H. 363.

By the seventeenth section, it is provided, that "the court before confirmation, may set aside such return for good cause shown, and commit the duty of partition anew to the same, or other commissioners, to be appointed and qualified as aforesaid, whereupon the same proceedings shall be had as before directed." 2 G. & H. 364.

The eighteenth section is as follows:

"Sec. 18. When such commissioners shall report to the court, that the whole or part of the lands of which partition is demanded, cannot be divided without damage to the owners, the court, in its discretion, may order the whole, or such part of the premises, to be sold, at public or private sale, on such terms and conditions as it may prescribe; provided, that, at public sale, such land shall sell for at least two-thirds its appraised value, and, at private sale, at not less than its appraised value; to be ascertained as in cases of sales of land on execution. And if a part only be sold, the remainder may be partitioned, subject to the rules hereinbefore provided."

By the first part of section 9, it is made the duty of the court, whenever it shall appear upon trial of any issue, or upon default, or by the consent of parties, that partition should be made, to award an interlocutory judgment that partition be made to the parties who may desire the same.

By the last clause of such section, it is provided that if, upon trial of any issue, or upon default, or by confession or consent of parties, it shall appear that the lands of which partition is demanded cannot be divided without damage to the owners, then, and in that case, the court in its discretion may order the whole or any such part of the premises to be sold, as provided for in section eighteen this act.

By the seventeenth section it is made the imperative duty of the court, whenever it awards an interlocutory judgment of partition, to appoint commissioners to make partition.

By the eighteenth section, the court is vested with the discretionary power of ordering the whole or a part of the lands to be sold when the commissioners shall report that the whole or a part of the lands can not be divided without damage to the owners.

The court may order a sale of the lands in two cases.

First. When upon the trial of any issue, or upon default, or by confession or consent of parties, it shall appear that partition cannot be made of the whole or a part of such lands.

Second. When the commissioners shall report that the whole or a part of such lands can not be divided without damage to the owners.

In no other case can the court, in a proceeding for partition, order the sale of the whole or a part of the lands of which partition is demanded.

The statute plainly and clearly contemplates a sale of a portion of the land, and the partition of the residue. *Lake* v. *Jarrett,* 12 Ind. 395. The legislature evidently intended that no land should be sold under a proceeding for partition, unless it should appear to the court that a sale would be greatly more beneficial to the parties interested than an actual partition. Hence, the power by statute to direct a sale is restricted to cases where it appears that actual partition cannot be made without damage to the owners. If, then, it is made to appear that a portion of the premises may be set off to satisfy the share of one of the parties, without damage to any of the owners, while the residue of the prem-

ises cannot be divided among the residue of the owners without damage to them, it seems to be within the spirit and object of the legislature to direct a partition, so far as it can be made without damage to any of the parties, and a sale of so much as cannot be divided without damage. A party whose share can be set off to him, without any prejudice to the other owners, ought not, against his will, to have his share sold, because the other owners hold in shares so small, or where, from any cause, a sale of the residue becomes necessary. *Haywood* v. *Judson,* 4 Barb. 228.

In the original proceedings for partition, in the present case, the court awarded an interlocutory judgment of partition, and appointed commissioners to make the same, who reported a partition which was confirmed by the court. The report of the commissioners is to be regarded in the light of a verdict of a jury rendered upon a trial at law; and it should be disturbed or interfered with by the court only upon grounds similar to those on which a verdict would be set aside, and a new trial granted. *Livingston* v. *Clarkson,* 4 Edwards Ch. 596; *Tucker and Tucker,* 19 Wend. 226; *In re Pearl Street,* 19 Wend. 651; *In re John and Cherry Streets,* 19 Wend. 659; *In re William and Anthony Streets,* 19 Wend. 678; *Lacoss* v. *Keegan,* 2 Ind. 406; *Lake* v. *Jarrett,* 12 Ind. 395.

But it is insisted by counsel for appellees that the court below possessed general jurisdiction as a court of equity, and was not restricted in its powers by the provisions of our statute, and therefore possessed the power to equalize the partition which had been made, by decreeing compensation to be made by those who had received more than others to those who had received less. It may be that the court below possessed the power, under a different state of facts, to decree compensation; but it is very clear to us, that in the condition of the present case, the court possessed no such power. As the court cannot order a sale of lands sought to be divided, except in the two cases above stated, we are of opinion that the court possessed no power to

Lucas *et al. v.* Peters *et al.*

decree compensation, until it was made to appear in the mode pointed out by the latter clause of section 9, or by the report provided for by section 18, that a just and equitable division could not be made between all the owners of all the land.  In the original proceedings, the commissioners reported a full partition.  The court, in the proceedings to review such proceedings, found that the partition made was unequal, but that when equalized it would be as advantageous to the parties as any that could be made, and accordingly decreed compensation.  When the court found that the partition which had been made was unequal, it should have appointed the same or other commissioners to make another partition, and if they had reported that the lands, in whole or in part, could not be divided without damage to the owners, then the court should have ordered such portion to be sold as was not susceptible of partition ; and it may be that if the commissioners had made an equal partition, as far as the same could be done, and had made an unequal partition to the others, and had recommended compensation, and had fixed the amount thereof, the court might have confirmed such report.  See sec. 656 *b.*, of 1 Story Eq.; *Kurtz* v. *Hibner,* 55 Ill. 514; *Dean* v. *O'Meara,* 47 Ill. 120; *Campbell* v. *Campbell,* 21 Mich. 438; *Hall* v. *Piddock,* 6 C. E. Green, 311; *Haywood* v. *Judson,* 4 Barb. 228.  But we decide nothing on this point.  Compensation might have been decreed by consent, upon report of commissioners.  *Applegate* v. *Edwards, post,* p. 329.

The court below erred in its conclusions of law upon the facts found.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below for further proceedings in accordance with this opinion.