### KERN, EX'R, ET AL. *v.* MAGINNISS ET AL.

PRACTICE.—*Partition.*—*Exceptions.*—*Supreme Court.*—To question the validity of a partition of lands, made and reported by the commissioners appointed therefor, exception must be taken, not merely to the decree for partition, but, to the report of such commissioners.

SAME.—If, in an action for the partition of lands, where no motion for a new trial is made, a sale thereof is made and reported according to the decree therefor, no question is raised by a mere exception to the report of such sale.

SAME.—*Verdict.*—*New Trial.*—Objections to the verdict rendered in such cause must be presented by a motion for a new trial.

From the Lawrence Circuit Court.

*S. W. Short,* for appellants.

*F. Wilson* and *A. C. Voris,* for appellees.

BIDDLE, J.—On the 10th day of May, 1870, the appel-

lees filed their complaint, praying the partition of certain lands, making the appellants defendants thereto. An answer and replies were filed, and issues joined, which were submitted for trial to a jury, who found certain facts, specially. No motion for a new trial was made, and no exceptions taken to the verdict; and, according to the verdict, the court decreed a partition of the lands, in specific shares, to each claimant, and appointed commissioners to make division of the lands accordingly. To this interlocutory decree the appellants made objections, which were overruled, whereupon they reserved exceptions to the opinion of the court.

At the next term of the court the commissioners made their report, partitioning certain of the lands to the parties, and reporting that certain other of the lands were indivisible  To this report no objections were made, no exceptions filed, and none reserved in any manner. The court approved and confirmed the report, and appointed a commissioner to make sale of the lands which could not be divided, according to the terms of the report. At this stage of the proceedings, the appellants appealed from the interlocutory order of the court, decreeing partition of the lands, to this court, wherein the appeal was dismissed, on the ground that the decree of partition was not a final judgment, and not an interlocutory order, from which an appeal would lie. *Kern* v. *Maginniss*, 41 Ind. 398. The case, after the appeal, was continued in the lower court for several consecutive terms, and until the opinion of this court was spread upon the records in the court below. The court then ordered the commissioner, before appointed, to proceed and make sale of the property, pursuant to the former order of the court. At a subsequent term of the court, the commissioner made his report of the sale of the lands, to which the appellants filed exceptions, which were overruled by the court, and the report confirmed. To this ruling the appellants excepted, and appealed to this court.

If the appellants had any objections to the verdict of the jury, they should have moved for a new trial, and properly reserved their exceptions. If they had any objections to the report of the commissioners partitioning the land, they should have shown good cause against it, and properly reserved their exceptions. 2 R. S. 1876, p. 348, sec. 17. Such a report stands as a verdict until it is set aside for good cause shown. *Lucas* v. *Peters*, 45 Ind. 313.

The appellants—not having moved for a new trial upon the rendition of the verdict, and not having shown any cause against the report of the commissioners partitioning the land,—have not reserved any exceptions in the record, except their exceptions to the report of the commissioner, in making sale of the lands in pursuance of the order of sale; and, as to this, it is not claimed that the sale was not in accordance with the order; nor as to this, have they made any assignment of error on the record. There is, therefore, no question presented to decide. The exceptions taken to the interlocutory order of partition will not excuse the appellants from excepting to the report of the commissioners made in pursuance of it, if they desired to question its validity.

The judgment is affirmed, with costs.

Petition for a rehearing overruled at the May Term, 1877.