GRIFFY ET AL. *v.* ENDERS ET AL.

PARTITION.—*Exception to Report of Commissioners.— Weight of Evidence.— Supreme Court.*—Where, on the trial of an exception to the report of commissioners appointed to partition real estate, affidavits supporting and attacking such report are introduced, the Supreme Court will not disturb the finding of the court below merely because it is contrary to the weight of evidence afforded by such affidavits.

SAME.—*Majority of Commissioners may Act.*—A majority of commissioners to partition real estate may make and report such partition, either over the objection or in the absence of the other commissioner.

From the Vigo Circuit Court.

*S. C. Davis, S. B. Davis* and *E. D. Seldomridge,* for appellants.

*W. W. Rumsey, R. Dunnigan* and *S. C. Stimson,* for appellees.

Worden, J.—This was a proceeding for the partition of certain lands.

Such proceedings were had as that a proper judgment of partition was entered, and commissioners were appointed to make the partition. Two of the commissioners made a partition and a report thereof, in which the other one did not concur. The non-concurring commissioner reported that the land was not susceptible of division.

The appellant Henry C. Griffy filed exceptions to the report of the majority of the commissioners, but they were overruled, and the report of the majority was confirmed.

Two questions are made here, viz.: Was the partition made by a majority of the commissioners shown to have been unjust and disproportionate? and was the majority of the commissioners competent to make the partition without the concurrence of the third, who acted with, but did not concur in, the action of the majority?

There was a large number of affidavits introduced on the trial of the exceptions, attacking the justness of the partition made, and tending to show that the appellant Henry C. Griffy had received less in value than his proportion; but, on the other hand, the fairness and proper equality of the partition was sustained by a nearly equal number of affidavits. The court below having passed upon the question and overruled the exceptions, we can by no means say that any error was committed in that respect.

With regard to the other question, we may say that the statute provides as follows: "Any two of the persons named as commissioners to make partition may perform the duties required by this act; and vacancies may be filled by the court." 2 R. S. 1876, p. 350, sec. 24.

Under this statute, we think two of the commissioners were competent to make the partition and report thereof,

whether the other acted with them, but did not concur in their action, or failed to act with them at all.

There is no error in the record.

The judgment below is affirmed, at the costs of the appellant Henry C. Griffy.