A. F. Shirts, George Shirts and J. W. Robinson, for appellant.

Chas L. Henry, for appellee.

---

## HAYMOND W. CLARK v. LOUVINA STEPHENSON ET AL.

1. *Partition—Practice—Parties.*—Lien holders should be made parties, exceptions to Commissioners Report proper, and if overruled, then such ruling should be assigned as error.

2. *Motion for New Trial.*—Improper and an assignment of error thereon presents no question on appeal.

Filed June 14, 1881.

Appeal from Hamilton Circuit Court.

Opinion of the court by Mr. Justice Woods.

Appeal from a judgment in partition. The appellant has assigned error upon the action of the court in overruling his demurrer to the complaint and his motion for a new trial. The action was by the widow of the deceased owner of the land, and her share was set off.

In reference to the complaint the counsel for the appellant claim "That the right of the widow to partition is against the heirs alone; and not against the creditors of the estate of her deceased husband. Their right, if any, is independent of her's, and cannot be curtailed or enlarged by her claims or concessions." The appellant was a mortgage-creditor, having a mortgage, in which the widow had not joined, on a part of the lands, other parts being under other mortgages, one of which the widow had joined in executing, while in the other she had not joined. There were also judgment-creditors. The estate was insolvent. The total of the real estate exceeded in value ten thousand dollars, but was worth less then twenty thousand dollars. The mortgage in which the widow had joined amounted to $12,000, and was about equal to the value of the 400 acres of land covered thereby. It was plainly proper that the appellant and other lien-holders should have been made parties. *Milligan* v. *Poole,* 35 Ind. 64; *Applegate* v. *Edwards,* 45 Ind. 329.

In her petition for the partition, the widow claimed only a one-fourth interest in the whole real estate. Issues of fact were formed upon the petition and the answers of the respective parties, which were tried by the court. The court made a special finding of the facts and a statement of legal conclusions therefrom; finding among other things that the widow's share, stated as one-fourth of the whole, could be set off to her advantage and without injury to the other interests, in a certain designated part of the lands, including the portions covered by the mortgage of the appellant and by the other mortgages in whose execution the widow did not join. An interlocutory order was made, determining the respective rights and interests of the parties, and appointing commissioners to set off the widow's share as found and stated. Each party saved exceptions to the conclusions of law. The commissioners made a report at the next term of the court, the material part of which is in the following words; "We do hereby set off to said petitioner, in lieu of her undivided one-fourth interest, as widow, the following real estate, situate in Hamilton county, Indiana, to-wit: Twenty-six and two-thirds (26⅔) acres off the west side of the west half of the northeast quarter of section eighteen (18), township (19), range six (6) east; she * * * to hold and enjoy said lands, which is one-third in value, in severalty and free from all demands of the defendants, Scarce and Clark, against the same by virtue of certain mortgages thereon held by them and executed by said decedent in his life-time. We also set off to her in fee simple all that part of the northwest quarter of said section eighteen," etc. (Here follows the description of a tract containing fifty to sixty acres perhaps.) "All of which is respectfully submitted to the court for approval."

The appellant filed objections to the confirmation of this report on the ground, substantially, that said commissioners, as against him, had assigned and set off to the petitioner one-third of said real estate when, as against him and the other creditors, she is entitled to but one-fourth part of said real estate, thereby depriving him of one-twelfth of his security, if the report be approved. This objection the court overruled and rendered judgment on the report. The appellant then filed a motion for a new trial, of which the following is a copy:

*State of Indiana, Hamilton County, ss:*

Louvina Stephenson v. John C. Stephenson *et al.* Comes now the defendant, Haymond W. Clark, and moves the court for a new trial in the above cause for the following causes, namely :

1. That the court erred in overruling the exceptions of this defendant to the report of the commissioners who made partition.

2. That the court erred in confirming the report of the commissioners making partition in said cause.

3. That the finding and judgment of the court upon the exceptions of this defendant to the report of the commissioners who made partition, is not sustained by sufficient evidence.

4. That the finding and judgment of the court upon the exceptions of this defendant to the report of the commissioners who made partition, is contrary to law. Wherefore he asks for a new trial.                     CHIPMAN & RYAN, *Attorneys for Clark.*

The report does not show, as counsel for the appellant contends, that the commissioners exceeded their authority by setting off to the widow one-third of the real estate, while the order was to allow her only one-fourth. As we interpret it, the report means merely that the 26⅔ acres given the widow out of the tract of land covered by the mortgages of the appellant and Scarce, constituted one-third in value of that tract, and these 26⅔ acres, together with the other parcel which was set off to her, constituted the one-fourth in value of the entire realty, the same being in the language of the report "set off to said petitioner in lieu of her undivided one-fourth interest as widow."

The question which we are asked to decide, therefore comes to this : The widow being entitled, on account of the value of the property exceeding $10,000, to only one-fourth, as against creditors, but having joined in the execution of a mortgage to the amount of $12,000, on a part of the realty, and as against the holder of that mortgage having no right in that part of the estate, save a worthless right to redeem, and there being other parts of the estate on which her husband had given mortgages in which she did not join, can she be allotted out of the last named portions, the one-third thereof, in order to make up to her in value the one-fourth of the whole estate, the total value thereof being less than $20,000, and,

deducting the amount of the mortgage which she joined in executing, being less than $10,000?

Counsel for the appellee however insists that the question is not in the record, as there is no assignment of error except on the overruling of the motion for a new trial, and that the exception to the report of the commissioners was not a matter to be presented by a motion for a new trial.

We think the point well made. If it were conceded that the exception made to the report of the commissioners was well taken, and that the report ought on that account to have been set aside, still a new trial would not have been necessary. If the exception had been sustained, all required would have been an order, setting aside the partition as reported and requiring the commissioners or another set of commissioners, under proper and more specific directions, to do the work over.

The error assigned here should have been upon the refusal of the court to sustain the exception to the report, and to set the same aside. If the appellant had been dissatisfied with the finding of facts by the court, or claimed that the court erred in admitting or excluding evidence, or had been agrieved at any action of the court in connection with the trial, his remedy would have been by motion for new trial as in ordinary cases; but the matter here complained of occurred after the trial had been had, and the correction of the mistake, or wrong, if any was committed by the commissioners, required no new trial of any issue in the case. The proper rule of practice is clearly indicated in *Kern* v. *Maginnis*, 55 Ind. 459, where it is said: "If the appellants had any objection to the verdict of the jury, they should have moved for a new trial, and, properly reserved their exceptions. If they had any objections to the report of the commissioners partitioning the land, they should have shown good cause against it and properly reserved their exceptions." This practice was followed in *Randles* v. *Randles*, 63 Ind. 93; *Griffy* v. *Enders*, 60 Ind. 23.

It is true that in *Kern* v. *Maginnis, supra,* and in other cases decided by this court, it is said that the report of commissioners stands as a verdict until set aside for cause shown. In *Lucas* v. *Peters*, 45 Ind. 313, citing *Lacoss* v. *Kergan*, 2 Ind. 406; *Lahe* v. *Jarrett*, 12 Ind. 395, besides certain cases from 4 Edward's Ch.

Rept. and 19 Wendell, it is said: "The report of commissioners is to be regarded in the light of a verdict of a jury rendered upon a trial at law, and it should be disturbed or interfered with by the court only upon grounds similar to those on which a verdict would be set aside and a new trial granted." But it, by no means, follows that the objections to a report must be presented in a motion for a new trial.

If it is not manifest from the quotations made therefrom, an examination of these cases and the cases referred to, will demonstrate, that the courts, in deciding them, had under consideration not the manner in which objections to such reports should be made and exceptions saved to the ruling of the court thereon, but the nature and grounds of objections themselves, which should be deemed sufficient. If the objection be to the report, or to the conduct of the commissioners, the proper practice is to move to set aside or to vacate the report. Freeman's Co-Ten. & Part., sec. 525. And if the ruling of the court be adverse, to save the exception by a bill of exceptions, showing the motion, the grounds of objection, the proofs made, if any, and the action of the court, and, in this court, the error should be assigned directly on that action, just as upon a ruling on a demurrer.

The motion for a new trial is no more fit and no more necessary to save such a question than it is to present a ruling on a demurrer, or on a motion to modify a judgment, or to set aside a default, or for judgment *non obstante*, or the like, and being unnecessary and irrelevant, an assignment of error upon the ruling on that motion made for any such purposes cannot be deemed to present any question for decision. It may be said that the record shows plainly enough what question the appellant endeavored to bring to this court, and that the point was made below and passed on by the circuit court; so, too, in all the cases supposed above if the new trial should be moved for, on account of rulings on demurrer, motions to set aside default or on account of any conceivable ruling of the court, and error should be assigned upon the overruling of that motion, it would be plain enough what was intended. Once we adopt such a test and rule of practice, we shall be driven to the position that any and all exceptions, if properly saved and assigned, as causes for a new trial, will be considered and decided by

this court, if error is assigned on the overruling of the motion for a new trial.

It will not do to say that the appellant's motion was miscalled a motion for a new trial, while in fact it was, and was intended to be, a motion to vacate the report. It begun by moving, and ended by praying, that a new trial be granted. It is so named in the clerk's entry of filing the court's order overruling it, and in the marginal note on the transcript.

The death of the appellant having been suggested, the judgment will be affirmed as of the date of the submission, to wit, May term, 1879.

Judgment affirmed with costs.

M. A. Chapman, for appellant.

D. Moss and R. R. Stephenson, for appellee.