Quick *et al. v.* Brenner.

Filed March 21, 1885.

No. 11,614.

## QUICK ET AL. *v.* BRENNER.

SPECIAL FINDING.—*Motion to Make More Specific.*—*Additional Findings.*— *Venire de Novo.*—*Appeal.*—*Supreme Court.*—*Practice.*—Where an appeal is taken to the Supreme Court, and the judgment is reversed upon the appellant's exceptions to conclusions of law drawn from special findings, to which findings the adverse party made no objection, the latter can not, upon the remanding of the cause to the trial court, obtain the benefit of a new trial indirectly by a motion to make the findings more specific, and for leave to introduce further evidence upon matters in regard to which additional findings were sought, nor is he entitled to a *venire de novo.*

SAME.—*Leaving Issue Undetermined.*—Where a special finding of facts leaves some issue undetermined, such issue will be regarded as not proved by the party having the burden of proof.

SAME.—*Motion for New Trial.*—If there is evidence of a fact which the court ought to have found, but did not, the remedy is by a motion for a new trial on the ground that the finding is contrary to the evidence.

SAME.—*Supreme Court.*—*Presumption.*—Where the evidence is not in the record, the Supreme Court will presume that all the facts proved on the trial were found by the court in its special finding.

ASSIGNMENT OF ERROR.—*Joint Assignment.*—*Practice.*—A joint assignment

of error presents no question upon any ruling against one party individually.

PARTITION.—*Mortgage Lien.*—*Judgment.*—Where partition is made of land upon which there is a purchase-money mortgage, the parties take their respective interests subject to it, without any declaration in the judgment to that effect.

SAME.—*Widow.*—*Interest in Land Alienated by Husband.*—*Improvements by Alienee.*—In a proceeding by a widow to have her interest in land, alienated by her husband alone, set apart to her, such interest is to be determined by the value of the land at the time of partition, excluding all the increased value from the improvements actually made by the alienee, and leaving the widow the benefit of any increase of value arising from circumstances unconnected with such improvements.

SAME.—*Exception to Confirmation of Report of Commissioners.*—*Practice.*—A mere exception to the confirmation of the report of commissioners in partition presents no question as to their duty in making allowance for improvements.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson, H. A. Lee, R. Graham* and *A. C. Harris,* for appellants.

*F. M. Trissal,* for appellee.

BICKNELL, C. C.—Catharine Brenner brought this suit against the appellants, claiming the undivided one-third of certain real estate of which her deceased husband, Conrad M. Brenner, had been seized during their coverture. There was a special finding of facts by the court, with conclusions of law. There was no objection to the finding, but the plaintiff excepted to the conclusions of law. Judgment was rendered upon the finding in favor of the defendants. The plaintiff appealed.

This court held on the appeal that the plaintiff took her interest in the land in controversy, not as the heir of her husband, but in virtue of her connubial rights under section 27 of the statute of descents of 1852, her husband not having been seized of the land at the time of his death, although seized during the coverture, and she not having joined in the alienation of it.

This court also held that the plaintiff's cause of action did

not accrue until the death of her husband, in 1875, and there-fore was not barred by the statute of limitations, either of twenty years or ten years, the suit having been commenced on the 15th of September, 1881.   Ordinarily, in such a case, the judgment is reversed, with instructions to state conclu-sions of law in conformity with the reversing opinion, and to render judgment in accordance therewith, but in this case there was a simple reversal at the costs of the appellees. *Brenner* v. *Quick,* 88 Ind. 546.

After the cause was returned to the court below, and after the opinion of this court was spread upon the record, the de-fendants moved the court for a more specific finding of the facts, and for leave to introduce evidence to enable the court to make a further finding supplementary to its special find-ing.   This motion was overruled by the court.   The defend-ants then moved for a *venire de novo,* and this motion was overruled.   The court then, upon plaintiff's motion, rendered a judgment for the plaintiff in accordance with the opinion of the Supreme Court, declaring that the plaintiff was the owner of the undivided one-third of the land in contro-versy, and was entitled to partition, and appointing commis-sioners of partition, and directing them to set off to the de-fendant Quick, for his two-thirds of the one hundred and sixty acres described in the complaint, and to the defendant Anderson, for his two-thirds of the eighty acres described in the complaint, the parts of said tracts on which the improve-ments were situated, if that could be done without injury to the interest of the plaintiff.

The defendant Quick moved to modify this judgment so that the commissioners of partition should be directed not to allow the plaintiff any benefit or advantage of the improvements made by him on the one hundred and sixty acres aforesaid, but to set off to her the value of one-third of said tract less the value of said improvements, and to set off to the plain-tiff, if partition can be made thereby, her one-third part in the unimproved land.   The defendant Anderson made a like

motion to modify the judgment in the same manner in refer-
ence to the partition of the eighty acres aforesaid.    These
motions were overruled.

Said defendants then made a joint motion to modify said
judgment by adding thereto the following : "And said plain-
tiff shall hold the lands that may be set off to her, subject to
one-third part of the mortgage debt mentioned in the find-
ings of the court." This motion was overruled by the court.

Afterwards the commissioners of partition made a report
that they had assigned to the plaintiff fifty and two•thirds
acres of said one hundred and sixty acres on the west side
thereof, and to the defendant Quick one hundred and nine
and one-third acres on the east side thereof, and to the plain-
tiff twenty-five acres on the east side of said eighty acres, and
to the defendant Anderson fifty-four and two-thirds acres
on the west side thereof, and that, as far as possible without
injury to the interests of the plaintiff, they had assigned to
the defendants that part of said land on which the buildings
and orchards stood, and had given them the benefit of all the
improvements that could be given them without injury to the
interests of the plaintiff.    On plaintiff's motion this report
was confirmed ; the defendants excepted to the confirmation
of the report.    The court then rendered a final judgment of
partition, and the defendants appealed.

The appellants make a joint assignment of errors as follows :

1. The court erred in directing that the commissioners, in
making partition of the lands, should set off to the plaintiff
one-third in severalty in value at the time of such decree and
partition, whereas it should have been one-third at the time
of its alienation by the husband through the sheriff's sale and
deed ; and in overruling the motions of defendants to modify
the decree so as to provide that she should have no benefit or
advantage from or of the improvements made by the appel-
lants as found by the special findings.

2. The court erred in refusing to order and decree that she
should have and take her (appellee's) portion of said lands

subject to one-third part and portion of the mortgage pur-chase-money debt on said lands, mentioned and described in the special findings, and to modify the decree accordingly, as moved by the appellants.

3. The court erred in charging the appellants with the value of the uses and rents had and enjoyed by them prior to the death of appellant's husband, in January, 1875, and in refusing to hear evidence to amend the special findings and decree so as to declare and provide that in no event should they be charged with any portion of such uses and rents, ex-cept so much as accrued after such death, as set forth in their joint motion therefor.

4. The court erred in overruling the joint motion of appel-lants for a *venire de novo*.

5. The court erred in awarding to appellee the one-third part in value of said lands as they now are, including the im-provements made by appellants before the death of her hus-band, and in confirming the report of such commissioners so made accordingly, and in confirming said report and decree-ing accordingly.

The special finding showed that the land in controversy belonged to Adam Brenner, who, in 1854, executed a mort-gage thereof to one Boston to secure purchase-money, and afterwards, in 1855, married Catharine Brenner, the appellee ; that in 1857 Boston brought a suit upon his mortgage and ob-tained a decree of foreclosure, and bought in the land at a foreclosure sale; that, in 1858, he conveyed the land to Quick, who, in 1859, conveyed eighty acres thereof to the defend-ant Anderson; that Quick and Anderson took possession in 1859, the land being then uncleared and unproductive; that Anderson had his eighty acres cleared and under fence in 1863, and that Quick began to clear his one hundred and sixty acres in 1860; that the value of Quick's improvements is $5,100; that the value of Anderson's improvements is $650; that Anderson has paid for taxes $120, and Quick $240; that the total value of the taxes and improvements is $6,110, and

that Quick and Anderson have received rents from said lands in all amounting to $6,630, of which Quick has received $4,-590, and Anderson $2,040; that Brenner died on January 7th, 1875, leaving the plaintiff as his widow; that this suit was commenced on September 15th, 1881 ; that neither Brenner nor the plaintiff ever resided in Indiana; that said foreclosure suit was commenced by publication, and that the affidavit on which the publication was made contained only a statement that the defendant was a non-resident, without any averment that a cause of action existed against him, or that he was a necessary party to the suit.

Some of the questions sought to be raised are not presented by the record.

After the cause had been taken to this court on appeal, without any objection by defendants to the special findings, and after the judgment had been reversed on the plaintiff's exceptions to the conclusions of law, and the cause had been remanded to the court below, the defendants could not obtain the benefit of a new trial indirectly, by their motion to make the findings more specific and for leave to introduce further evidence, upon the matters in regard to which additional findings were sought; and they were not entitled to a *venire de novo.*

The well established rule in reference to such special findings is, that if the facts found leave some of the issues undetermined, such issues must be regarded as not proved by the party having the burden of proof. *Ex Parte Walls,* 73 Ind. 95 ; *Talburt* v. *Berkshire L. Ins. Co.,* 80 Ind. 434.

If the special finding is silent as to any material fact which the defendant had the burden of proving, such silence is equivalent to a finding against the defendant as to that fact. If there was evidence of such fact, and if the court ought to have found it, the remedy is a motion for a new trial on the ground that the finding is contrary to the evidence. Such omission to find a fact that might have been found is no ground for a *venire de novo* in such a case, and when, as in

the present case, the evidence is not in the record, this court will presume that all the facts proved on the trial were found by the court in its special finding. *Graham* v. *State, ex rel.,* 66 Ind. 386; *Vannoy* v. *Duprez,* 72 Ind. 26; *Martin* v. *Cauble,* 72 Ind. 67; *Stropes* v. *Board, etc.,* 72 Ind. 42. The defendants had lost their remedy as to any supposed deficiency in the special findings.

This disposes of the fourth specification of the assignment of errors, and of all that part of the third specification which alleges error in the refusal of the court to hear further evidence as to the rents and profits, for the purpose of making more specific special findings.

The appellants assign errors jointly. A joint assignment presents no question upon any ruling against one only of the parties. *Robbins* v. *Magee,* 96 Ind. 174; *Jones* v. *Castor,* 96 Ind. 307; *Lake* v. *Lake,* 99 Ind. 339.

The appellants Quick and Anderson made separate motions to modify the judgment. Each moved for a modification to the effect that the commissioners of partition should not allow the plaintiff any benefit of improvements on the land claimed by him, and should set off to her one-third of such tract less the value of such improvements. Any error of the court in the rulings upon these separate motions is not presented by the joint assignment of errors. *Boyd* v. *Pfeifer,* 95 Ind. 599, and the cases there cited.

The appellants also made a joint motion to modify the judgment by adding thereto the following: "And said plaintiff shall hold the lands that may be set off to her, subject to one-third part of the mortgage debt mentioned in the findings of the court." Error in the overruling of this motion is properly presented in the second specification of the assignment of errors. But the mortgage never having been foreclosed, it still remains a lien upon the mortgaged premises, and there was no error in refusing to add to the judgment a declaration of its legal effect. The plaintiff will hold her share of the land subject to the lien of the mortgage debt,

and that lien may be foreclosed by anybody who is entitled to be subrogated to the rights of the mortgagee, in a proper proceeding for that purpose. The declaration, proposed to be added to the judgment, would have made no change in the rights of any of the parties.

The first specification of error charges that the court erred in directing the commissioners to set off to the plaintiff one-third in value of the lands at the time of the decree and partition; whereas, it should have been one-third at the time of its alienation by the husband.

But if the value of the lands was increased by the growth and settlement of the surrounding country, or by any other circumstances unconnected with the improvements on the lands, the widow was entitled to that increase of value.

In *Smith* v. *Addleman,* 5 Blackf. 406, this court reversed a judgment because dower was assigned according to the value at the time of alienation, and held that it should have been according to the value at the time of the assignment. The court said : " The American decisions have not been uniform on this subject, but they preponderate in favor of making ' the value of the land at the time of the assignment, excluding all the increased value from the improvements actually made upon the premises by the alienee ' the criterion by which to adjudge dower, ' leaving the dowress the full benefit of any increase of value arising from circumstances unconnected with those improvements.' Such was the conclusion of Mr. Justice STORY, after a very able and learned review of the American and English authorities, in the case of *Powell et ux.* v. *M. & B. M. Co.,* 3 Mason, 347. This doctrine has also the sanction of Chancellor Kent, 4 Kent Com. 68, and may be considered as settled law." The court, therefore, did not err in refusing to direct partition according to the value of the land at the time of its alienation by the plaintiff's husband.

The fifth specification of the assignment of errors charges that the court erred in awarding the appellee one-third of the

value of said lands as they now are, including the improvements made by the appellants before the death of the appellee's husband, and in confirming the report of the commissioners so made and decreeing accordingly.

This question as to improvements is the same which the appellants undertook to present by their separate motions to modify the judgment; they took no benefit by those motions because their assignment of errors was joint.

There is nothing else in the record which can be supposed to warrant the fifth specification of error, unless it be the appellants' exception to the confirmation of the report.

In cases of this kind, however, a claim for such improvements is properly made by cross-petition (*Martindale* v. *Alexander*, 26 Ind. 104), and such cross-petition ought to be filed before the judgment of partition, and before the appointment of the commissioners, in order that the rights of the parties may be adjusted and the duty of the commissioners clearly pointed out.    *Stafford* v. *Nutt*, 35 Ind. 93.

In the present case there was no such cross-petition for improvements; there was no claim for any allowance for improvements.    The appellants seem to have relied on their general denial and special defences of the statute of limitations, and although, in their special defences, it is averred that improvements were made of the value of $5,000, this is pleaded merely in bar.    It would seem that the appellants relied on the statute of limitations as a complete bar to the action, and, therefore, when the report of the commissioners came, instead of moving to set the report aside or vacate it, and showing the grounds of such motion, they merely excepted to the confirmation of the report.

In *Lucas* v. *Peters*, 45 Ind. 313, 318, this court said : " The report of the commissioners is to be regarded in the light of a verdict of a jury rendered upon a trial at law ; and it should be disturbed or interfered with by the court only upon grounds similar to those on which a verdict would be set aside,

and a new trial granted." ·Therefore, a mere exception to the confirmation of the report of the commissioners amounts to nothing.

In *Clark* v. *Stephenson,* 73 Ind. 489, the appellants, as in the present case, assigned as error the confirmation of the commissioners' report without any bill of exceptions. This court said: " If the objection be to the report, or to the conduct of the commissioners, the proper practice is to move to set aside or to vacate the report, * * and, if the ruling of the court be adverse, to save the exception by a bill of exceptions, showing the motion, the grounds of objection, the proofs made, if any, and the action of the court; and, in this court, the error should be assigned directly on that action, just as upon a ruling on a demurrer."

In the present case there was no motion to set aside or vacate the report; there was nothing but an exception to the confirmation of the report. The question, therefore, whether the commissioners' report ought to have undertaken to make any special allowance to the appellants for improvements is not presented in this record. See *Kern* v. *Maginniss,* 55 Ind. 459; *Randles* v. *Randles,* 63 Ind. 93; *Griffy* v. *Enders,* 60 Ind. 23; *Radcliff* v. *Radford,* 96 Ind. 482, 487.

But, even if it were properly before us, the appellant, not having objected to the special findings, can not now avail himself of any deficiency in those findings in regard to improvements. The only matter in the findings which states anything specifically as to improvements, except as to the clearing of the land, is that the defendant Quick has made lasting and valuable improvements on said land as follows:

Buildings . . . . . . . . . . . . . . . . . . $1,200.00
Ditching . . . . . . . . . . . . . . . . . . . 1,200.00
Fencing . . . . . . . . . . . . . . . . . . . 1,500.00
Orchard . . . . . . . . . . . . . . . . . . . 300.00
Clearing . . . . . . . . . . . . . . . . . . . 900.00

Total . . . . . . . . . . . . . . . . . . $5,100.00

And that the defendant Anderson's improvements are:

Ditching . . . . . . . . . . . . . . . . . . . . $ 50.00
Fencing . . . . . . . . . . . . . . . . . . . . . 200.00
Clearing . . . . . . . . . . . . . . . . . . . . 400.00

    Total . . . . . . . . . . . . . . . . . . . . $650.00

And that they have received rents, as follows:

Defendant Quick has received . . . . . . . . . . $4,590.00
Defendant Anderson has received . . . . . . . . 2,040.00

    Total . . . . . . . . . . . . . . . . . . . . $6,630.00

And that they have paid for taxes, as follows:

Defendant Quick has paid . . . . . . . . . . . . $240.00
Defendant Anderson has paid . . . . . . . . . . 120.00

These findings show that the appellants have paid out for taxes and improvements $6,110, and have received in rents $6,630, or $520 more than their outlay. Perhaps the court below regarded the rents as a fair compensation for the improvements. The court decreed to the appellee one-third part of the lands, and directed the commissioners of partition to set off to the appellants for their shares of their respective tracts, those parts of such tracts on which the buildings and orchards stood, and to give them the benefit of all the improvements that could be given them without injury to the interests of the plaintiff. We think that, upon the foregoing finding as to improvements, no more favorable decree for the appellants could have been made. There is nothing in the finding which shows the date of the improvements, nor what specific parts thereof were made before, and what parts were made after, the death of the plaintiff's husband, except as to the single item of clearing, and there is no statement of the rents received yearly.

The evidence not being in the record, the presumption is that the finding contains all the facts proved at the trial. *Graham* v. *State, ex rel., supra.* The appellants ought to have shown the facts necessary to enable the court to make the ruling

they sought as to the improvements. If they did show such facts, then the findings were open to the objection that they were contrary to the evidence. But the appellants, having made no objection to the findings, can not now claim that they are entitled to the same decree to which they would have been entitled if the findings had set forth the facts on which alone such decree could have been made.

Upon the findings the judgment of the court was right. There is no available error in the record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

