## BURGER v. SCHNAUS ET AL.

### [No. 9,132.   Filed April 18, 1916.]

1. APPEAL.—*Assignment of Errors.—Sufficiency.*—An assignment of error "in overruling appellant's objections and exceptions", is too indefinite and uncertain to present any question.   p. 615.

2. APPEAL.—*Record.—Questions Presented for Review.—Exceptions.*—On appeal from a judgment confirming the report of commissioners in partition, the ruling of the court on exceptions to the report may be properly assigned as independent error if the alleged error appears upon the face of the proceedings; but if questions of fact are involved in the determination of the ultimate ruling or decision upon such exceptions, and are tried by the court as other questions of fact are tried, the questions arising upon such trial must be presented on appeal through the medium of a motion for a new trial.   p. 616.

3. PARTITION.—*Report of Commissioners.—Review.*—Objection of plaintiff in partition that the commissioners considered only eighty acres while the tract actually contained 82.4 acres, was unavailable, where it was apparent not only from the original report considered in connection with the order of the trial court, but from the subsequent report as well, that the commissioners considered twenty-four acres set off to plaintiff as two-sevenths in value of the whole tract being exactly the interest he claimed by the allegations of his complaint.   p. 617.

4. PARTITION.—*Report of Commissioners.—Description.*—On appeal from a judgment confirming the report of commissioners in partition, appellee's objection that the court made the description more definite than that contained in the report is not tenable, where the matter pointed out goes only to details and in no sense changes the meaning of the report.   p. 618.

5. PARTITION.—*Attorneys' Fees.*—In a partition proceeding in which both sides are represented by attorneys, the trial court may in its discretion deny the request of plaintiff to allow fees to be paid to his attorney as a part of the costs of the suit.   p. 619.

From Dubois Circuit Court; *John L. Bretz*, Judge.

Action by Jacob Burger against Joseph Schnaus and another.   From the judgment rendered, the plaintiff appeals.   *Affirmed.*

*Horace M. Kean*, for appellant.

*W. S. Hunter*, for appellees.

FELT, P. J.—Appellant brought this action to partition real estate in Dubois County, Indiana, and alleged that he was the owner in fee of the undivided two-sevenths part of the real estate, and that appellee, Joseph Schnaus, was the owner of the undivided five-sevenths part thereof. Anna D. Schnaus, wife of her coappellee was made a party to answer to any interest she might have in the real estate. By their answer appellees admit that the real estate is owned in the proportions alleged in the complaint and that Anna D. Schnaus is the wife of her coappellee and has no interest in the real estate other than her marital rights. It is alleged in both complaint and answer that the real estate may be partitioned and that commissioners should be appointed to set off to each his respective portion in severalty. Commissioners were appointed and made their report to the court. Appellant filed exceptions to the report which were overruled by the court and the report was thereupon approved and the partition confirmed.

The errors assigned and relied on for reversal are: (1) error of the court in overruling appellant's objections and exceptions; (2) error in approving and confirming the report of the commissioners; (3) error in refusing to allow attorney fees for appellant's attorney as a part of the costs of suit; (4) error in modifying and changing the report of the commissioners in partition; (5) error in overruling appellant's motion for a new trial. The first, second and third specifications of alleged error are also set forth in appellant's motion as grounds for a new trial. The first specification was probably intended to refer to the exception taken to

1. the overruling of appellant's exceptions to the report of the commissioners in parti-

tion, but it is too indefinite and uncertain to present any question. Where the alleged error appears upon the face of the proceedings, the ruling of the court on exceptions to such report may properly be assigned as independent error. Where questions of fact are involved in the determination of the ultimate ruling or decision upon such exceptions, and are tried by the court as other questions of fact are tried, the questions which arise upon such trial may be causes for a new trial of the exceptions, but such questions are not properly presented by independent assignments of error, but should be assigned as causes for a new trial. §663 Burns 1914, Acts 1903 p. 338. *Clark* v. *Stephenson* (1881), 73 Ind. 489, 493; *Quick* v. *Brenner* (1885), 101 Ind. 230, 239; *Kern* v. *Maginniss* (1876), 55 Ind. 459, 461; *Radcliff* v. *Radford* (1884), 96 Ind. 482, 487; *Spray* v. *Bertram* (1905), 165 Ind. 13, 15, 74 N. E. 502; *Bossert* v. *Geis* (1914), 57 Ind. App. 384, 389, 107 N. E. 95, and cases cited.

The complaint describes the real estate by congressional survey, "containing 80 acres more or less". The court found the interest as alleged and ordered that there be set off to Jacob Burger two-sevenths in value of the real estate and to Joseph Schnaus, five-sevenths in value thereof. On June 27, 1913, the record shows that each party appeared by attorneys and the commissioners filed and acknowledged their report in open court, which report bore date of June 18, 1913. Thereupon, appellant on said day, filed his written objections to the report and asked that it be not confirmed. Following this entry the record shows that "the court now continues the further consideration of said report until the next term of court." As a part of the proceedings of the same day, June

27, 1913, there appears another report of the commissioners, but the report itself and the jurat of the officer who swore the commissioners bear the date of June 28, 1913. The exceptions filed by the appellant were verified and filed on June 27, 1913. At the October term, 1913, answers were filed to appellant's exceptions to the report. The case was tried on the exceptions in January, 1914, and the court overruled the exceptions to the report, to which ruling appellant duly excepted. The record of the proceedings on the day the judgment was rendered overruling appellant's exceptions contains a copy of the report which is the report dated and verified on June 28, 1913, the day after appellant's exceptions were filed. The record is confusing.

While the second report appears in the proceedings of June 27, it shows by its contents that it was not made until June 28. The second report was on file and before the court when the trial was had on the exceptions and it is the report on which the judgment of partition rests. While not so designated, the second report is in the nature of an amended report and supersedes the first. The exceptions were not filed or directed to the second report, but if we waive this and the other objections pointed out and consider the exceptions as presenting the question sought to be raised thereby, appellant has nevertheless failed to present reversible error.

The principal objection is that the commissioners only considered eighty acres, while in fact the tract described when surveyed was found to contain 82.4 acres. The first report was made out on June 18, and the survey was made on June 24, 1913. Our examination of the first report convinces us that it does not confirm appel-

lant's contention that only eighty acres were partitioned. It shows that twenty-four and one-half acres on the west end of the tract were set off to appellant, and fifty-five and one-half acres more or less to appellee. Considering the report in connection with the court's order it shows that the commissioners considered the twenty-four and one-half acres as two-sevenths in value of the whole tract. The second report shows that the commissioners were ordered to partition "80 acres more or less" and it sets off to "Jacob Burger, as and for his full share and interest" twenty-four and one-half acres, off the west end of the tract, describing it, "being two-sevenths in value". It also sets off to appellee fifty-five and one-half acres more or less, describing it, "being five-sevenths in value". So it is apparent that if it were to be conceded that appellant is right in his contention as to the first report, the second report clearly obviates the objection made. Whether rightly so, appellant was given full opportunity to try out his objections and after such hearing the court found against him. The second report was before the court and it had a right to consider it and base the judgment of partition upon it. If viewed from the standpoint of evidence, we find that there is ample evidence to support the court in overruling the exceptions to the report and rendering the judgment of partition.

The objection that the court made the description more definite than the report is not tenable. The matter pointed out goes only 4. to details and in no sense changes the meaning of the report. Its only effect was to avoid uncertainty and ambiguity. *Winship* v. *Crothers* (1863), 20 Ind. 455, 456; *Midland R. Co.* v. *Smith* (1891), 125 Ind. 509, 510, 25 N. E. 53.

Both sides were represented by attorneys throughout the proceedings. The trial court had the right to deny the request of appellant to allow fees for his attorney to be paid as a part of the costs of suit. On the facts of the case we can not say the court abused its discretion. §1265 Burns 1914, Acts 1893 p. 315; *Bell* v. *Shaffer* (1900), 154 Ind. 413, 425, 56 N. E. 217; *Osborne* v. *Eslinger* (1900), 155 Ind. 351, 364, 58 N. E. 439, 80 Am. St. 240.

The trial court gave a wide range to the trial and deprived appellant of no substantial right. No error was committed in overruling the motion for a new trial on the exceptions to the commissioners' report. Our examination of the case convinces us that no reversible error is shown on any view that may be taken of the record. The value of the land was taken into account and the commissioners' set off to appellant the amount of land they found to equal two-sevenths in value of the whole tract. Judgment affirmed.

NOTE.—Reported in 112 N. E. 246. As to parties to suits for partition, see 114 Am. St. 80. As to allowance of attorney fees in partition proceedings, see 12 Ann. Cas. 854.